■ ARDEN ADLER et al., Respondents, v JOHN SVINGOS, Appellant. — Order and judgment, Supreme Court, New York County, entered June 6, 1980, which, *inter alia,* granted plaintiffs' motion for partial summary judgment to the extent of declaring a provision of a stockholders' agreement of no force and effect, and dismissed defendant's first counterclaim for reformation of a certificate of incorporation, reversed, insofar as appealed from, plaintiffs' motion for partial summary judgment denied, the dismissal of defendant's first counterclaim vacated, defendant's motion for partial sumary judgment on his first counterclaim for reformation granted, and judgment on the first counterclaim severed from the remainder of the action, with costs to defendant-appellant. Plaintiffs Adler and Shaw, and defendant Svingos, each own an equal number of shares of the 891 First Ave. Corp. which operates a successful restaurant at that address. A basic certificate of incorporation was filed in November, 1978. On December 4, 1978, the parties executed a stockholders' agreement explicitly expressing their intention to run the business as a "closely held corporation." The agreement, provided, as relevant herein, that all corporate operations, including changes in corporate structure, would require unanimous consent of the parties (par 8); no corporate stock would be sold by any stockholder without express written consent of the other stockholders (par 9); and if the parties did not mutually agree on a sale among themselves or to a third party, then an application could be made for judicial dissolution of the corporation (par 13). The agreement also provided that each stock certificate would bear a legend that it was governed by the provisions and restrictions in the stockholders' agreement (par 7). When plaintiffs later sought to sell the business, defendant objected, relying upon the stockholders' agreement. Plaintiffs thereupon brought this action seeking to strike paragraph 8 of the agreement as void under subdivision (b) of section 620 of the Business Corporation Law. Defendant counterclaimed, seeking reformation of the certificate of incorporation to reflect the unanimity provision of the stockholders' agreement (first counterclaim) and for other relief not relevant herein. Special Term granted plaintiffs' motion for partial summary judgment, declaring in the judgment that "the paragraph in the stockholders' agreement requiring unanimous consent is of no force and effect." (We assume this refers only to paragraph 8 since that is the only paragraph plaintiffs sought to strike, although as phrased the order ambiguously could apply to other provisions as well.) Special Term further denied defendant's cross motion for summary judgment dismissing the complaint, and dismissed his first counterclaim, relying essentially on subdivision (b) of section 620 of the Business Corporation Law which provides: "A provision in the certificate of incorporation otherwise prohibited by law because it improperly restricts the board in its management of the business

of the corporation, or improperly transfers to one or more shareholders *** all or any part of such management otherwise within the authority of the board under this chapter, shall nevertheless be valid: (1) If all the incorporators or holders of record of all outstanding shares, whether or not having voting power, have authorized such provision in the certificate of incorporation or an amendment thereof; and (2) If, subsequent to the adoption of such provision, shares are transferred or issued only to persons who had knowledge or notice thereof or consented in writing to such provision." In a memorandum decision after reargument, adhering to its original decision, Special Term reasoned that since subdivision (b) of section 614 and section 616 of the Business Corporation Law permit provisions in the *certificate of incorporation* which allow greater than normal voting requirements for shareholder action, and the certificate of the 891 First Ave. Corp. was not amended to so provide, the unanimous voting provision of the stockholders' agreement was "of no force and effect." We disagree. In *Zion v Kurtz* (50 NY2d 92), the Court of Appeals interpreted analogous provisions of the Delaware General Corporation Law and held enforceable, as between the parties to it, a provision of a shareholders' agreement between all the shareholders, proscribing corporate action without the consent of a minority shareholder, even though the disputed provision was not incorporated in the corporate charter as required by Delaware's statute. Speaking for the majority, Judge Meyer stated (p 102): "Since there are no intervening rights of third persons, the agreement requires nothing that is not permitted by statute, and all of the stockholders of the corporation assented to it, the certificate of incorporation may be ordered reformed, by requiring Kurtz [whose position was analogous to that of plaintiffs Adler and Shaw] to file the appropriate amendments, or more directly he may be held estopped to rely upon the absence of those amendments from the corporate charter". The principles set forth in *Zion* are controlling here. We conclude that it was error to grant partial summary judgment to plaintiffs and to dismiss defendant's first counterclaim. Indeed, the record warrants granting the defendant's motion for partial summary judgment reforming the certificate to reflect the unanimity of the stockholders' agreement. The agreement is clear and unambiguous and therefore its interpretation is for the court. *(Zion v Kurtz, supra, p 105; cf. Shubin v Surchin, 27 AD2d 452.)* We find that the parties intended that the ministerial act of amending the certificate of incorporation would be accomplished to effectuate the agreement's provisions. If plaintiffs had signed the agreement intending, in the future, to evade its provisions by relying on subdivision (b) of section 620 of the Business Corporation Law, their fraudulent intent could not defeat defendant's entitlement to reformation of the certificate of incorporation. (See 6 NY Jur, Reformation of Instruments, § 42, p 587; 76 CJS, Reformation of Instruments, § 30.) Thus, we find no genuine issue of material fact warranting a trial on the issue of reformation. In *Millspaugh v Cassedy* (191 App Div 221, 228-229), addressing a comparable issue, the court said: "The appellants urge that there can be no contract right in a void and illegal by-law. But that is not a fair statement of the question. The parties here put a record of their undoubted agreement into the wrong place, and the very fact of its having been misplaced is a sufficient ground to ask a court of equity to put it in the right place, where it can be validated through an amended certificate of incorporation." Accordingly, plaintiffs' motion for partial summary judgment is denied, and judgment shall be entered declaring paragraph 8 of the stockholders' agreement valid and binding upon the signatories to that agreement. Defendant's motion for partial summary judgment is granted on his

first counterclaim, and judgment shall be entered reforming the certificate of incorporation to include the unanimity provision of the stockholders' agreement. Settle order. Concur — Sandler, J.P., Sullivan, Ross, Carro and Fein, JJ.