■ HARMINA GARSON, Appellant, v PERCY GARSON et al., Respondents. — In an action for a judgment declaring, *inter alia,* the voting rights of the individual parties in their capacities as shareholders and directors of the corporate defendant Cortlandt Nursing Care Center, Inc., the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Rosenblatt, J.), dated October 24, 1983, which denied her motion for summary judgment, and (2), as limited by her brief, from so much of an order of the same court, dated January 31, 1984, as, upon reargument, adhered to the original determination.

Appeal from the order dated October 24, 1983, dismissed. That order was superseded by the order dated January 31, 1984, made upon reargument.

Order dated January 31, 1984, modified, on the law, so as to provide that summary judgment is granted to the defendants and it is declared that the by-laws of the corporate defendant granting defendant Garson, his successor or assignee, three votes per share of stock owned and three votes as a director, as opposed to all other stockholders and directors who shall only receive one vote per share of stock owned and one vote as a director, are valid. As so modified, order dated January 31, 1984 affirmed insofar as appealed from, and order dated October 24, 1983, amended accordingly.

Defendants are awarded one bill of costs.

In 1974, defendant Percy Garson (hereinafter defendant) decided to incorporate a 120-bed nursing home which was owned exclusively by him and he therefore created the corporate defendant Cortlandt Nursing Care Center, Inc. (hereinafter the Center). Defendant gave a 50% stock interest in the Center to plaintiff, his wife Hermina, with the understanding that he would continue to have control of running the Center. They therefore agreed that his shares of stock would be entitled to three votes per share while all others would have only one vote per share. On October 7, 1974, the certificate of incorporation was executed by plaintiff and defendant as incorporators. Nothing in the certificate of incorporation alluded to the agreement of the parties as to special voting rights. The certificate authorized the Center to issue 200 shares of one class of common stock without par value. Plaintiff and defendant each received 100 shares of common stock of the Center.

Article II (§ 10, subd [c]) of the by-laws of the Center states: "Each stockholder shall have one vote for each share of stock owned, except Percy Garson, his successor or assignee, shall have three (3) votes for each share of stock owned". Section 8 of article III of the by-laws states in relevant part: "Each director shall have one vote regardless of the number of shares, if any, which he may hold, except Percy Garson, his successor or assignee, shall have three (3) votes". An organization meeting was held on October 24, 1974, in which plaintiff and defendant elected themselves directors. Defendant was elected chairman and plaintiff was elected secretary. At the meeting, by-laws were read and were ratified, confirmed and approved as the by-laws of the Center. Plaintiff signed the minutes of the organization meeting as "Secretary of meeting", and defendant signed as "Chairman of meeting". Stock certificates were also issued on

October 24, 1974. On the face of the certificates there was printed a legend reading "See special voting rights of shareholders in By-laws article 2, section 10". Plaintiff signed the stock certificates as secretary of the corporation.

In the ensuing years, disputes over the management of the Center arose. The disputes resulted in defendant using his voting power to discharge the individual parties' son, who was administrator of the Center, over plaintiff's objection. Defendant accused his son of mismanagement and embezzling the Center's funds. In the meantime, plaintiff started numerous actions against defendant, which, for the most part, challenged defendant's mental competency and requested that he be removed from a position of control over the Center. A number of these actions are still pending.

On or about November 14, 1982, plaintiff commenced the instant declaratory judgment action against defendant and the Center. Plaintiff alleged that the certificate of incorporation was silent as to the parties' voting rights and that no formal, written shareholders' agreement was entered into concerning voting rights. She thus requested that the voting provisions in the by-laws be declared invalid and that the court declare that she and defendant were entitled to one vote per share of stock owned and one vote each as directors.

In June, 1983, plaintiff moved for summary judgment. By order dated October 24, 1983, Special Term (Rosenblatt, J.) denied the motion. Special Term acknowledged the lack of a formal, written shareholders' agreement or any reference to voting rights in the certificate of incorporation. However, it stated that facts peculiar to this case, namely that plaintiff and defendant were living together as husband and wife when the corporation was created, the corporate by-laws, plaintiff's signing of the organization minutes and stock certificate, both of which refer to the by-laws, and a pending matrimonial action between the parties, created triable issues of fact.

By order dated January 31, 1984, plaintiff's motion for reargument was granted by Special Term, which thereupon adhered to its original determination. Plaintiff appeals from both orders.

The appeal from the order dated October 24, 1983 must be dismissed as it was superseded by the order dated January 31, 1984. We affirm Special Term's denial of plaintiff's motion for summary judgment, but do not find any triable issues of fact present. The documentary evidence and uncontested allegations of the parties on the record establish that although there was no written shareholders' agreement and no voting provisions were stated in the certificate of incorporation, plaintiff agreed to the

voting provisions in the by-laws that gave defendant a three to one advantage. She ratified the by-laws at an organization meeting and acknowledged her ratification by signing the minutes of that meeting. She also signed the stock certificate which specifically referred to the voting provisions in the by-laws.

Without denying that she agreed to them, plaintiff claims that the voting provisions in the by-laws should be declared invalid because they did not satisfy the requirements of the Business Corporation Law requiring that such special voting provisions be authorized in the certificate of incorporation or amendments thereof (see Business Corporation Law, § 612, subd [a]; § 620, subd [b]). However, to apply plaintiff's argument to the case at bar would be upholding form over substance. Plaintiff concedes that the agreement was not per se invalid. Had the parties complied with the formality of placing the agreement in the certificate of incorporation or later amending the certificate to reflect the agreement, the agreement would not be invalid under New York law (Business Corporation Law, § 620, subd [b]). In a case analogous to the one at bar, the Court of Appeals stated: "Since there are no intervening rights of third persons, the agreement requires nothing that is not permitted by statute, and all of the stockholders of the corporation assented to it, the certificate of incorporation may be ordered reformed, by requiring * * * [the filing of] appropriate amendments, or more directly [plaintiff in the instant case] may be held estopped to rely upon the absence of those amendments from the corporate charter" (*Zion v Kurtz,* 50 NY2d 92, 102). Thus, even though all formal steps required by the statute had not been taken, the agreement, as between the original parties to it, is enforceable (*Zion v Kurtz, supra; Adler v Svingos,* 80 AD2d 764).

Although plaintiff maintains that she never signed a written voting agreement, her actions, as stated above, clearly establish her agreement with the voting provisions. Only after plaintiff and defendant started experiencing marital turmoil and started having disputes over management of the Center did plaintiff attempt to assert that the provisions in the by-laws were invalid due to a technicality. It would not be equitable to invalidate a clear agreement merely because that agreement was not put in the proper place, especially when the agreement could be considered valid by amending the certificate of incorporation (*Adler v Svingos, supra,* p 765; *Millspaugh v Cassedy,* 191 App Div 221). Therefore, plaintiff's motion for summary judgment was properly denied.

On review of the denial of plaintiff's motion for summary judgment this court is empowered to search the record and may

instead, if warranted, grant summary judgment to plaintiff's adversaries (see CPLR 3212, subd [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106; *Lopez v Senatore,* 97 AD2d 787, 788; *Peoples Sav. Bank v County Dollar Corp.,* 43 AD2d 327, affd 35 NY2d 836; cf. *Hecht v City of New York,* 60 NY2d 57). In this case we find no issues of fact and accordingly we grant summary judgment to defendant and the Center and the provisions in the by-laws granting defendant, his successor or assignee three votes per share of stock and three votes as a director are declared valid.

We have considered plaintiff's other claims and find them to be without merit. Mollen, P. J., Titone, Bracken and Rubin, JJ., concur.