■ In the Matter of ROBIN MARINO et al., Appellants, v ISLAND EXPRESS ADVERTISING INC., et al., Respondents.—In a proceeding pursuant to Business Corporation Law article 11 for judicial dissolution of a corporation and to rescind the purchase of stock and recover the money paid, the petitioners appeal from an order of the Supreme Court, Richmond County (Cusik, J.), dated November 8, 1989, which denied their motion for partial summary judgment on the second cause of action.

Ordered that the order is reversed, on the law, without costs or disbursements, and the petitioners' motion for partial summary judgment on the second cause of action on the issue of rescission of the purchase agreement is granted.

In the present case, there is no dispute that the respondent Island Express Advertising Inc. was authorized by its Certificate of Incorporation to issue a maximum of 200 shares of stock. The petitioners have submitted sufficient proof in evidentiary form indicating that they alone were issued in excess of 550 shares of stock in the corporation. Thus, the petitioners have established their cause of action for rescission of the

purchase agreement pursuant to Uniform Commercial Code § 8-104 sufficient to warrant the court, as a matter of law, to direct judgment in their favor (see, Zuckerman v City of New York, 49 NY2d 557, 562). The burden then fell upon the respondents to submit evidence sufficient to reveal the existence of a genuine issue of fact (see, Matusewicz v Motion Mktg., 161 AD2d 620). The opposition papers allege the existence of factual issues which are not relevant to the ultimate disposition of the issues at bar and thus are not sufficient to defeat the petitioners' motion for partial summary judgment on the second cause of action (see, Zuckerman v City of New York, supra).

We have considered the parties' remaining contentions and find them to be without merit. Thompson, J. P., Eiber, Balletta and O'Brien, JJ., concur.