■ SOLOMON A. SUTTON et al., Respondents, v DAVID S. SUTTON, Appellant. [601 NYS2d 106] —Judgment, Supreme Court, New York County (Leland DeGrasse, J.), entered October 9, 1992, which granted the petition declaring effective a resolution adopted by 70% of the shareholders to strike the unanimity provisions of the amended certificate of incorporation and directing respondent to sign and cause to be delivered for filing a certificate of amendment effectuating this resolution, unanimously reversed, on the law, and the petition is denied, without costs.

A corporation is permitted to adopt, in its certificate of incorporation, a supermajority rule (i.e., requiring greater than a simple majority of the proportional shareholder ownership) for the establishment of a quorum and/or the conduct of any vote in transacting corporate business (Business Corporation Law § 616 [a]). Any alteration of the certificate of incorporation to change or remove such a provision in the certificate of incorporation requires shareholder approval by two-thirds of all outstanding shares, "or of such greater proportion of shares * * * as may be provided specifically in the certificate of incorporation" (§ 616 [b]). Section 709 permits, in parallel language, the adoption of similar supermajority requirements with respect to quorum and voting of corporate directors.

Bag Bazaar, Ltd. is a closely held corporation which has been operated by the Sutton family in New York since its initial incorporation in 1961, under different name, under the old Stock Corporation Law. In 1963, shortly after enactment of the cited sections of the new Business Corporation Law, the company, then operated by Sam and Albert Sutton, undertook to amend the certificate of incorporation by adopting the following unanimity provisions:

"All of the directors of the corporation shall be present at any meeting in order to constitute a quorum for the transaction of any business or of any specified item of business.

"The unanimous vote of all the directors of the corporation shall be necessary for the transaction of any business or of any specified item of business at a meeting of the directors of the corporation.

"The holders of all the issued and outstanding shares of Common Stock of the corporation shall be present in person or represented by proxy at any meeting in order to constitute a quorum for the transaction of any business or of any specified item of business.

"The unanimous vote or consent of the holders of all the issued and outstanding shares of Common Stock of the corporation shall be necessary for the transaction of any business or of any specified item of business of the corporation, including amendment to the certificate of incorporation."

The present form of the company dates from 1971, when brothers David (respondent) and Abraham Sutton invested in 30% and 70% of the common stock, respectively. Since that time, the business of the corporation has been conducted under these unanimity provisions. Abraham subsequently transferred 30% of the corporate shares (out of his 70% total) to his son and daughter-in-law, petitioners Solomon and Nancy Sutton. When Abraham died, his remaining 40% interest passed to his widow, petitioner Yvette Sutton. Petitioners thus control 70% of the shares, and respondent and his wife own the remaining 30%. Solomon and respondent are the only directors.

The relationship among the owners of this family corporation has deteriorated to the point where respondent and his nephew Solomon each accuse the other of misfeasance in the management of corporate assets and affairs. Solomon charges that respondent, albeit a minority shareholder, has paralyzed the business of the company, and Solomon has sought to rectify that situation by proposing a new amendment to the certificate of incorporation which would revoke the unanimity provisions. Petitioners voted their 70% interest in favor of the resolution, but respondent and his wife opposed it. Respondent then refused to sign a certification, as director, that the resolution had carried by a 70-30 vote.

Solomon claims authority to adopt this amendment under Business Corporation Law § 616 (b), since he controls more than two-thirds of the outstanding shares. Respondent maintains that his role in the company has historically been that of an "equal partner," in salary, control and all other aspects of the business, despite the disparity in equity interests. He insists that his nominal minority position is protected by the 1963 adoption of the unanimity provisions, and any alteration of that arrangement, by further amendment of the certificate of incorporation, would also require a unanimous vote.

Petitioners brought this CPLR article 78 proceeding for a declaration that the proposed certificate of amendment, striking the unanimity provisions, was properly carried by a 70% vote, and for mandamus of respondent, as director, to join in certifying to the Secretary of State that this amendment has

been adopted. Respondent countered that permitting a unanimity provision to be erased by a 70-30 majority vote would render the statutory safeguard for minority shareholders meaningless. In the alternative, respondent seeks reformation of the certificate of incorporation to make explicit the requirement that revocation of the unanimity provisions also requires unanimous consent.

The IAS Court granted the petition on the ground that the 1963 amendment to the certificate of incorporation was insufficiently specific to override the two-thirds rule for further amendments. We disagree, thus obviating any necessity of considering respondent's "cross-motion" for reformation. The 1963 amendment to the certificate of incorporation clearly calls for a unanimous vote for the transaction of any corporate business, "including amendment to the certificate of incorporation." That amendment met the requirement of the recently enacted section 616 (b) of the Business Corporation Law. Petitioners acknowledge the existence of the unanimity provisions which have governed the conduct of the company's business for the past 30 years. They further cannot dispute the clear language that such provisions also apply to "amend-ment[s] to the certificate of incorporation." Nevertheless, they suggest that such provisions do not apply to amendments directed at revoking the unanimity provisions themselves, because the 1963 certificate of amendment did not specifically say so.

There is no reason to read the 1963 amendment so restrictively. The intention of the parties' predecessors in requiring unanimity in all phases of the company's operations, including alteration of the certificate of incorporation, is crystal clear, and the conduct of the parties under that standard down through the years, until the recent effort to amend the certificate of incorporation, is proof of such intention. That statement of intention is in no way rendered less clear in the light of a 1962 amendment to Business Corporation Law § 616 (b), which called for authority for such amendment of the certificate of incorporation to be stated "specifically" in the certificate. This corporation's unanimity provisions having been adopted just one year later, it is reasonable to assume that the parties' predecessors intended, by their action, to comply with that statute as amended. Even were there a technical oversight in failing sufficiently to specify the unanimity provisions in the certificate with regard to subsequent revocation of those provisions, our courts have liberally applied a supermajority override of the statute where the intention of the parties to

that effect is clear *(see generally, Zion v Kurtz,* 50 NY2d 92; *Adler v Svingos,* 80 AD2d 764). Any other reading would unnecessarily elevate form over substance *(Garson v Garson,* 105 AD2d 726, 729, *affd sub nom. Garson v Rapping,* 66 NY2d 928).

Petitioners, it should be noted, are not without remedy in seeking to break a corporate impasse *(see, e.g., Dubin v Muchnick,* 108 Misc 2d 1042, 1047, *mod on other grounds* 87 AD2d 508). The most persuasive argument for reversal bears repeating: even if the 1963 amended certificate of incorporation were not clear, the ability to remove a unanimity provision by less than a unanimous vote would lead to the preposterous result of rendering the provision utterly meaningless. We hold that the unanimity provisions were clearly stated, and they clearly extended to cover any effort to revoke same by further amendment to the certificate of incorporation.

We do not reach the question of whether the attempted revocation of the unanimity provisions contravened Business Corporation Law § 803, and thus deny as academic petitioners' motion to strike respondent's reply brief. Concur—Carro, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.