*39
 
 OPINION OF THE COURT
 

 Simons, J.
 

 In this CPLR article 78 proceeding, petitioners seek (1) a declaration that an amendment to the certificate of incorporation of Bag Bazaar, Ltd. is valid and (2) to compel respondent David S. Sutton, as a director of the corporation, to sign and deliver a certificate of amendment to petitioners for filing. Respondent has refused to execute the certificate, contending it is not valid because the amendment had the support of only 70% of the shareholders when the certificate of incorporation required unanimous approval. The appeal requires an interpretation of section 616 (b) of the Business Corporation Law which states that supermajority provisions in a certificate of incorporation may be amended by a two-thirds vote unless the certificate "specifically” provides otherwise.
 

 Petitioners contend that notwithstanding the general unanimity provision contained in Bag Bazaar’s certificate, a two-thirds vote to amend is sufficient under this statute unless the certificate explicitly provides unanimous consent is required to amend the supermajority provision. As they see it, prior to a 1962 statutory amendment, which added the word "specifically”, a general requirement of a unanimous vote for any amendment of the certificate — i.e., a provision like the one here — would be read to apply to the supermajority provision. Thus, they reason that the Legislature, by adding the word "specifically” in the 1962 amendment, intended to require an amendment provision explicitly directed at the procedure for changing a supermajority provision. The Appellate Division disagreed and held that the provision in Bag Bazaar’s certificate of incorporation was sufficiently specific and that the amendment was not valid because it lacked unanimous shareholder approval (196 AD2d 411). We now affirm.
 

 In 1963, the certificate of incorporation of Bag Bazaar, Ltd. was amended to provide that "[t]he unanimous vote or consent of the holders of all the issued and outstanding shares of Common Stock of the corporation shall be necessary for the transaction of any business * * * of the corporation, including amendment to the certificate of incorporation”. At that time the business was run by Abraham Sutton and none of the parties to this litigation was a shareholder. In 1971 Abraham’s brother, respondent David S. Sutton, purchased 30 shares. Two years later Abraham’s son, petitioner Solomon A. Sutton, joined the business and subsequently acquired 30
 
 *40
 
 shares. On Abraham’s death, in 1987, his widow, petitioner Yvette Sutton, inherited Abraham’s remaining 40 shares. Thus, petitioners now own 70% of the outstanding shares of the corporation and respondent and his wife own 30 shares. Petitioner Solomon A. Sutton serves as one of the two directors of the company and respondent David S. Sutton as the other.
 

 The corporation was run without incident for nearly 30 years under Abraham’s leadership. After he relinquished control of the company, however, disputes arose between Solomon and David Sutton concerning the management of the corporation. These disputes culminated in an April 1992 shareholders’ meeting, where petitioners voted their 70% of the shares in favor of a resolution to strike the unanimity provision, while respondent’s 30% of the shares voted against the resolution.
 

 Respondent, as a director of the corporation, refused to sign a certificate of amendment reflecting the deletion of the unanimity provision, thereby preventing the amendment from taking effect. Accordingly, petitioners commenced this proceeding and moved for judgment declaring the resolution valid and enforceable and compelling respondent to sign the certificate of amendment. Respondent cross-moved to dismiss the petition, for reformation of the certificate of incorporation and to compel arbitration of the dispute. Supreme Court granted the petition and denied the cross motion. The Appellate Division reversed and denied the petition.
 

 To support their position on this appeal, petitioners contend that the Legislature added the word "specifically” to section 616 (b) because it recognized that a unanimity provision gives minority shareholders the ability to deadlock any and all corporate action. The amendment was intended to minimize deadlocks by permitting a two-thirds majority of the shareholders to alter or delete the unanimity requirement unless the certificate of incorporation explicitly stated otherwise. Respondent maintains that "specifically” was added to the statute to clarify that if more than a two-thirds vote was required to amend a unanimity provision, the certificate should state exactly what greater percentage is needed. They maintain that this certificate satisfied that requirement by declaring that a unanimous vote was required for
 
 any
 
 amendment.
 

 The history of Business Corporation Law § 616 (b) begins
 
 *41
 
 with
 
 Benintendi v Kenton Hotel
 
 (294 NY 112), where this Court invalidated a unanimity provision adopted by unanimous shareholder vote. We reasoned that such a provision was antithetical to the basic concept of corporate governance by majority rule and contrary to public policy
 
 (id.,
 
 at 118-119). In 1948, the Legislature abrogated
 
 Benintendi
 
 by enacting section 9 of the Stock Corporation Law, which authorized unanimity provisions when approved by a unanimous vote
 
 (see,
 
 L 1948, ch 862). The effect of section 9 was to require unanimous shareholder consent to either add or amend a unanimity provision
 
 (see,
 
 3 White, New York Corporations [f 616.02, at 6-378 [13th ed]). In 1951, this section was amended to allow adoption or change of a supermajority provision by a two-thirds or greater vote. A unanimous vote was still required, however, where the certificate called for a unanimous vote; where the unanimity provision itself required such a vote; or where the unanimity provision was adopted prior to the effective date of the 1951 amendment
 
 (see,
 
 L 1951, ch 717).
 

 In 1961, the Business Corporation Law was adopted to replace the Stock Corporation Law, and section 9 was substantially reenacted as Business Corporation Law § 616 (b) and § 709 (b). However, in 1962, prior to the 1963 effective date of the Business Corporation Law, a series of changes were made, including the addition of the word "specifically” in section 616 (b). As finally enacted, section 616 (b) provides that "[a]n amendment of the certificate of incorporation which changes or strikes out a [supermajority] provision * * * shall be authorized at a meeting of shareholders by vote of the holders of two-thirds of all outstanding shares entitled to vote thereon, or of such greater proportion of shares * * * as may be provided
 
 specifically
 
 in the certificate of incorporation” (emphasis added). According to the Legislative Study Committee the word "specifically” was one of a number of "technical” amendments added to the chapter to clarify existing language and avoid minor inconsistencies. It was not intended to effect a substantive change in the law (Mem of Joint Legis Comm To Study Revision of Corp Laws, Bill Jacket, L 1962, ch 834, at 86).
 

 Thus, nothing in the legislative history or the statute itself suggests the necessity for a discrete paragraph addressed solely to the supermajority provision and explicitly declaring the vote required for its amendment. The history reveals that Stock Corporation Law §9 stated that a provision in the certificate of incorporation requiring unanimous consent could
 
 *42
 
 only be amended by unanimous consent and this provision was substantially reenacted in the Business Corporation Law.
 
 *
 
 Inasmuch as the Legislature did not intend the "technical” revisions added before the effective date of the Business Corporation Law to change the existing law substantively, the present statute should be construed as section 9 of the Stock Corporation Law was. Unanimity was required under the prior law to amend a unanimity provision, such as this one, and the addition of the word "specifically” merely provides that a two-thirds majority may now amend a unanimity provision unless the certificate requires a greater percentage.
 

 The provision in Bag Bazaar’s certificate is unambiguous: it requires unanimous shareholder consent for the transaction of "any business * * * including amendment to the certificate of incorporation.” To read section 616 (b) as requiring more to address amendment of the supermajority provision would be unnecessarily restrictive in light of the legislative history. The certificate need only clearly state what vote, if greater than two thirds, is required to amend a unanimity provision. The certificate of Bag Bazaar, Ltd. does so.
 

 The commentaries relied on by petitioners do not support petitioners’ position
 
 (see,
 
 Hoffman,
 
 New Horizons for the Close Corporation in New York Under its New Business Corporation Law, 28
 
 Brooklyn L Rev 1, 5
 
 [New Horizons];
 
 Israels, Corporate Practice § 4.20, at 91-92 [Hoffman 4th ed]; Kessler,
 
 A Close Corporation Checklist for Drafting the Certificate of Incorporation under the New York Business Corporation Law,
 
 31 Fordham L Rev 323, 336
 
 [Close Corporation]).
 
 They suggest only the obvious: that under prior law unanimity was required to amend a unanimity provision and that under the Business Corporation Law, unanimity is required only when "specifically” called for by the certificate of incorporation
 
 (see generally,
 
 Hoffman,
 
 New Horizons, op. cit.,
 
 at 5; Kessler,
 
 Close Corporation, op. cit.,
 
 at 336). They do not address the question before us, i.e., what language will fulfill the specificity requirement.
 

 Finally, petitioners note that unless section 616 (b) is read as requiring an explicit certificate provision governing the amendment of unanimity provisions, majority shareholders will be unable to conduct the business of a corporation in the
 
 *43
 
 face of opposition from the minority. But as respondent notes, there is nothing inherently unfair or improper about a voluntary organization’s consensual decision to assure protection for minority shareholders, and shareholders are not without remedies where deadlocks do arise
 
 (see generally,
 
 Business Corporation Law § 1104).
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Cipakick concur.
 

 Order affirmed, with costs.
 

 *
 

 While the 1951 amendments to that section allowed a unanimity provision to be amended by a two-thirds vote in certain instances, petitioners acknowledge that the provision at issue here would have required unanimous shareholder consent to amend, despite the 1951 amendment.