■ Robert Ench, on Behalf of Himself and All Other Shareholders of Meadowridge Realty Corp., Appellant, v Wilbur Breslin, Individually and as Executor of Robert Frankel, Deceased, et al., Respondents, et al., Defendants. [659 NYS2d 893] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme

Court, Suffolk County (Floyd, J.), dated May 15, 1996, which denied his motion for partial summary judgment on the first, second, third, and fourth causes of action in the complaint, among other things, to set aside and vacate an agreement of reciprocal easements dated January 18, 1995, and to reform a certificate of incorporation to reflect the unanimity provisions of a shareholder's agreement dated March 13, 1987.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion is granted.

The plaintiff and the defendants Wilbur Breslin, Robert Frankel, and Benjamin Kasper formed a corporation called Meadowridge Realty Corp. (hereinafter Meadowridge). Breslin and the plaintiff were both members of the Board of Directors of Meadowridge and Breslin was also an officer of the corporation. Breslin was also a principal in a partnership called Breskel Shopping Center Associates (hereinafter BSCA). This appeal arises, *inter alia,* from actions taken by Breslin on behalf of Meadowridge in connection with an agreement of reciprocal easements entered into between Meadowridge and BSCA.

The defendants contend that despite Breslin's substantial interests in Meadowridge and BSCA, his authorization of certain transactions between these two entities is protected by the business judgment doctrine notwithstanding considerations of reasonableness and fairness. We disagree.

The business judgment doctrine does not foreclose inquiry by the courts into the disinterested independence of members of the board of directors of a corporation and cannot shelter individuals from responsibility for breaches of duty of care they owe as directors *(Giblin v Murphy,* 73 NY2d 769; *Auerbach v Bennett,* 47 NY2d 619; *Scheuer Family Found. v 61 Assocs.,* 179 AD2d 65).

Further, Business Corporation Law § 713 (a) states that:

"(a) No contract or other transaction between a corporation * * * and any other corporation, firm, association or other entity in which one or more of its directors are directors or officers, or have a substantial financial interest, shall be either void or voidable for this reason alone * * *

"(1) If the material facts as to such director's interest in such contract or transaction and as to any such common directorship, officership or financial interest are disclosed in good faith".

However, Business Corporation Law § 713 (b) provides: "If there was no such disclosure or knowledge * * * the corpora-

tion may avoid the contract or transaction unless the party or parties thereto shall establish affirmatively that the contract or transaction was fair and reasonable as to the corporation at the time it was approved by the board, a committee or the shareholders."

The plaintiff has established the substantial interests of Breslin in Meadowridge and BSCA, the parties to the challenged transaction. It is also undisputed that Breslin did not disclose his interest in BSCA to the plaintiff. Based on the factual data presented, the benefit received by Meadowridge from the transaction was far outweighed by the value of the easements Meadowridge gave in the transaction. Inasmuch as the defendants have failed to raise any triable questions of fact relevant to establishing that the agreement of reciprocal easements was fair and reasonable *(see, Alpert v 28 Williams St. Corp.,* 63 NY2d 557, 570-571; *Matter of Endicott Johnson Corp. v Bade,* 37 NY2d 585, 587; *Crouse-Hinds Co. v InterNorth, Inc.,* 634 F2d 690), summary judgment should have been granted to the plaintiff vacating the agreement of reciprocal easements.

Furthermore, the plaintiff properly contends that the Supreme Court should have reformed the certificate of incorporation of Meadowridge to reflect the unanimity provisions of a shareholder's agreement. When all the shareholders of a corporation agree that it is necessary or desirable to require the unanimous consent of the board of directors for corporate action for which consent of the board of directors is required, and further consent to the amendment of the certificate to reflect this understanding, and where no rights of third parties are implicated, it is proper to reform the certificate of incorporation. The shareholder's agreement is binding as between the original parties to it and enforceable even though all the formal steps required by statute to properly effectuate the agreement have not been fulfilled *(see,* Business Corporation Law §§ 614, 616 [a]; § 620 [a]; *Zion v Kurtz,* 50 NY2d 92, 96; *Sutton v Sutton,* 196 AD2d 411, *affd* 84 NY2d 37; *Garson v Garson,* 105 AD2d 726, *affd sub nom. Garson v Rapping,* 66 NY2d 928; *Adler v Svingos,* 80 AD2d 764). Bracken, J. P., Copertino, Santucci and McGinity, JJ., concur.