■ THOMAS J. MCGOVERN et al., Appellants, v JO ANN WO-MACK et al., Respondents. [669 NYS2d 248] —In an action for a judgment declaring, *inter alia,* that the by-laws of Dunolly Owners' Corp. can only be amended by a favorable vote of two-thirds of the outstanding capital shares of the corporation, the plaintiffs appeal from a judgment of the Supreme Court, Queens County (LeVine, J.), dated November 8, 1996, which declared that (1) Paragraph Twelfth of the defendant corporation's certificate of incorporation required a favorable vote of a majority of shares represented at any shareholders' meeting to amend the by-laws, (2) by-law 10.1, which required a favorable vote of two-thirds of the outstanding capital shares to amend the by-laws, was invalid, (3) the two proposed amendments to article II, sections 2.1 and 2.2 of the by-laws, setting term limits and staggered terms for directors, were passed and adopted at the November 14, 1995, annual meeting, (4) the amendments were effective as of that day and applicable to the directors elected at the November 14, 1995, annual meeting, and (5) Roman Rabinovich, Jo Ann Womack, Margaret O'Rourke, and Neli Burger were elected to two-year terms and Edward Smith, Urbano Pina, and Albert Hillman were elected to one-year terms.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly determined that the provision in the defendant corporation's certificate of incorporation requiring a favorable vote of a majority of shares represented at the annual meeting to amend the by-laws was valid, and that the inconsistent provision in the by-laws was invalid (*see,* Business Corporation Law § 601 [c]; § 616 [a] [2]; *Model, Roland & Co. v Industrial Acoustics Co.,* 16 NY2d 703, 705; *Christal v Petry,* 275 App Div 550, *affd* 301 NY 562).

Under the circumstances of this case, *Zion v Kurtz* (50 NY2d 92), does not apply because the plaintiffs did not submit clear and unambiguous evidence that the corporation's shareholders intended the provision in the by-laws to control (*cf., Garson v Garson,* 105 AD2d 726, *affd sub nom. Garson v Rapping,* 66 NY2d 928). Bracken, J. P., Santucci, Altman and McGinity, JJ., concur.