Matter of Hempstead Realty, LLC v Sturrup (2021 NY Slip Op 01411)





Matter of Hempstead Realty, LLC v Sturrup


2021 NY Slip Op 01411


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-12823
 (Index No. 205/10)

[*1]In the Matter of Hempstead Realty, LLC, respondent,
v
Daniel Sturrup, etc., et al., appellants.


Corbally, Gartland and Rappleyea, LLP, Poughkeepsie, NY (Allan B. Rappleyea of counsel), for appellants.
Schneider Buchel LLP, Garden City, NY (Mary T. Lucere of counsel), and Solomon & Siris, P.C., Garden City, NY (Bill Tsevis of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to RPAPL 1921 to cancel and discharge of record a mortgage upon real property, Daniel Sturrup, as Trustee of the Tessie W. Warmers Trust No. 1, and individually, Antonina Warmers Caston, and Albert Sturrup appeal from a judgment of the Supreme Court, Nassau County (Sharon M. J. Gianelli, J.), entered September 28, 2017. The judgment, upon an amended decision of the same court dated May 15, 2017, made after a nonjury trial, granted the petition, declared that the subject mortgage was satisfied, directed the County Clerk of Nassau County to cancel the subject mortgage, and dismissed the counterclaims.
ORDERED that the judgment is affirmed, with costs.
In April 2004, Donald Boehm, as the trustee of the Tessie W. Warmers Trust No. 1 (hereinafter the trust), allegedly sold the trust's sole asset, a parcel of real property in Nassau County, to the petitioner, Hempstead Realty, LLC, for $1,550,000. As part of the transaction, the petitioner executed a purchase money mortgage and note in the sum of $1,158,000. The note provided that the trust would receive monthly payments of interest only in the sum of $5,307.50 for a period of three years, and that the entire principal would be due thereafter, although the maturity date could be extended twice for a period of one year upon the payment of $100,000. Additionally, an addendum to the note provided that the petitioner would be entitled to a $600,000 credit of the purchase price if the current lease, which was to expire in January 2007, was extended.
In November 2004, after the trust beneficiaries, Antonina Warmers Caston, Daniel Sturrup, and Albert Sturrup (hereinafter collectively the beneficiaries), commenced a proceeding against Boehm to remove him as trustee for, inter alia, failing to seek approval of the sale and diverting trust assets, the mortgage payments were placed in an escrow account of the beneficiaries' attorney. In January 2007, Boehm resigned as trustee as part of a plea agreement in a criminal action convicting him of grand larceny in the second degree in connection with, inter alia, the sale of the trust's property. Thereafter, the mortgage funds were released from escrow and distributed to the beneficiaries. Also in January 2007, the petitioner informed the beneficiaries that it was entitled to the $600,000 credit of the purchase price as the lease had been extended, and remitted a $100,000 check to extend the maturity date. In April 2007, after the beneficiaries returned the $100,000 check [*2]and three monthly mortgage payments in the amount of $1,680.93, the parties agreed that all payments with regard to the purchase money mortgage and note would be held in escrow. In March 2009, after remitting monthly interest payments and a $100,000 principal payment to extend the maturity date by another year, the petitioner tendered a check in the amount of $266,750, which it claimed satisfied the purchase money mortgage. The beneficiaries returned the $266,750 check and directed the petitioner to contact them for an accurate payoff figure. In April 2009, the beneficiaries sent a notice of a demand for payment in full.
In January 2010, the petitioner commenced the instant proceeding pursuant to RPAPL 1921 to cancel and discharge of record the purchase money mortgage against the current trustee and the beneficiaries (hereinafter collectively the appellants). The appellants interposed an answer asserting counterclaims to set aside the sale and to declare the addendum to the mortgage note void. Following a nonjury trial, in a judgment entered September 28, 2017, the Supreme Court granted the petition, declared that the purchase money mortgage was satisfied, directed the Clerk of Nassau County to cancel the purchase money mortgage, and dismissed the counterclaims.
The actions of the beneficiaries following their discovery of the sale served as a ratification of the sale. "'[A]n unauthorized execution of an instrument affecting the title to land or an interest therein may be ratified by the owner of the land or interest so as to be binding on him'" (Lipman v Vebeliunas, 39 AD3d 488, 490, quoting Holm v C.M.P. Sheet Metal, 89 AD2d 229, 232). "'The act of ratification, whether express or implied, must be performed with full knowledge of the material facts relating to the transaction, and the assent must be clearly established and may not be inferred from doubtful or equivocal acts or language'" (Lipman v Vebeliunas, 39 AD3d at 490, quoting Holm v C.M.P. Sheet Metal, 89 AD2d at 233). Here, the beneficiaries were aware of the sale and accepted mortgage payments for several years without commencing an action to set aside the sale. Accordingly, they had full knowledge of the material facts relating to the transaction and ratified the agreement.
Additionally, the petitioner established that it was entitled to a $600,000 credit of the purchase price. "[T]he 'fundamental, neutral precept of contract interpretation [is] that agreements are construed in accord with the parties' intent' and '[t]he best evidence of what parties to a written agreement intend is what they say in their writing'" (2138747 Ontario, Inc. v. Samsung C & T Corp., 31 NY3d 372, 377, quoting Greenfield v Philles Records, 98 NY2d 562, 569; see Deutsche Bank Natl. Trust Co. v Barclays Bank PLC, 34 NY3d 327, 340). "'[W]here the terms of a contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving a practical interpretation to the language employed and reading the contract as a whole'" (Tomhannock, LLC v Roustabout Resources, LLC, 33 NY3d 1080, 1082, quoting Ellington v EMI Music, Inc., 24 NY3d 239, 244). The terms of the addendum to the mortgage note provided that the petitioner was entitled to a $600,000 credit if the lease of the tenant was extended. Therefore, the petitioner established its entitlement to the credit.
The petitioner's remaining contention need not be reached in light of our determination.
DILLON, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court