Perez v Tedesco (2023 NY Slip Op 01697)

Perez v Tedesco

2023 NY Slip Op 01697

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
WILLIAM G. FORD, JJ.

2019-14186
 (Index No. 63193/13)

[*1]Albert Perez, etc., plaintiff third-party defendant-appellant, 
v
Vincent Tedesco, et al., defendants-respondents, Total Computer Software, LLC, defendant third-party plaintiff-respondent, et al., defendant.

Goldberg & McEnaney, LLC, Port Washington, NY (Timothy McEnaney of counsel), for plaintiff third-party defendant-appellant.
Polsinelli, P.C., New York, NY (Jason S. Samuels and Aaron E. Zerykier of counsel), for defendants-respondents and defendant third-party plaintiff-respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff third-party defendant appeals from an order of the Supreme Court, Suffolk County (Jerry Garguilo, J.), dated November 8, 2019. The order denied the motion of the plaintiff third-party defendant pursuant to CPLR 3104(d) to review and vacate an order of the same court (Theodore Sklar, Ct. Atty. Ref.) dated August 5, 2019, granting the prior motion of the plaintiff third-party defendant pursuant to CPLR 3126 and 22 NYCRR 130-1.1 to impose sanctions against the defendants Vincent Tedesco, Total Computer Systems, LTD, Total Computer Group, LLC, and Total Computers, LTD, and the defendant third-party plaintiff only to the extent of granting the plaintiff third-party defendant leave to request an adverse inference relating to the spoliation of the emails of nonparty Lisa Guerin and certain work tickets.
ORDERED that the order dated November 8, 2019, is affirmed, with costs.
The plaintiff third-party defendant, Albert Perez, commenced this action, inter alia, to recover damages for breach of contract based on a dispute as to the accounting and distribution of the proceeds of the sale of a computer program. A referee was appointed to resolve discovery disputes in this matter, including the discovery of electronically stored information and the discovery of emails. Perez moved pursuant to CPLR 3126 and 22 NYCRR 130-1.1 to impose sanctions against the defendant third-party plaintiff, Total Computer Software, LLC, and the defendants Vincent Tedesco, Total Computer Systems, LTD, Total Computer Group, LLC, and Total Computers, LTD (hereinafter collectively the defendants), on the grounds that those parties failed to comply with discovery orders, spoliated certain records, and engaged in unlawful surveillance of Perez's privileged work product and attorney-client communications. In an order dated August 5, 2019, the referee granted the motion only to the extent of granting Perez leave to request an adverse inference relating to the spoliation of the emails of nonparty Lisa Guerin and certain work tickets.
Perez subsequently moved pursuant to CPLR 3104(d) to review and vacate the order [*2]dated August 5, 2019. In an order dated November 8, 2019, the Supreme Court denied the motion. Perez appeals.
"The Supreme Court has broad discretion in making determinations concerning matters of disclosure, including the nature and degree of the penalty to be imposed under CPLR 3126" (Sepulveda v 101 Woodruff Ave. Owner, LLC, 166 AD3d 835, 836 [internal quotation marks omitted]). "While actions should be resolved on the merits when possible, a court may strike [pleadings] upon a clear showing that the defendant's failure to comply with a disclosure order was the result of willful and contumacious conduct" (Almonte v Pichardo, 105 AD3d 687, 688). "The willful or contumacious character of a party's conduct can be inferred from the party's repeated failure to respond to demands or to comply with discovery orders" (Montemurro v Memorial Sloan-Kettering Cancer Ctr., 94 AD3d 1066, 1066). The Supreme Court also has broad discretion to determine a sanction for the spoliation of evidence (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 551). However, "[s]triking a pleading is a drastic sanction to impose in the absence of willful or contumacious conduct and, in order to impose such a sanction, the court 'will consider the prejudice that resulted from the spoliation to determine whether such drastic relief is necessary as a matter of fundamental fairness'" (Squillacioti v Independent Group Home Living Program, Inc., 167 AD3d 673, 675, quoting Eksarko v Associated Supermarket, 155 AD3d 826, 829 [internal quotation marks omitted]). "When the moving party is still able to establish or defend a case, a less severe sanction is appropriate" (Utica Mut. Ins. Co. v Berkoski Oil Co., 58 AD3d 717, 719).
The Supreme Court correctly determined that Perez failed to make a clear showing that the defendants' conduct was willful or contumacious (see Dank v Sears Holding Mgt. Corp., 69 AD3d 557, 557; Prappas v Papadatos, 38 AD3d 871, 872). Further, in those instances where the referee determined that the defendants had committed spoliation of certain evidence, the referee providently exercised his discretion in granting leave to Perez to request an adverse inference relating to those items, rather than imposing the drastic sanction of striking the defendants' answer and the third-party complaint, as Perez failed to prove that the spoliation of that evidence was fatal to his case (see Squillacioti v Independent Group Home Living Program, Inc., 167 AD3d at 676).
"The decision whether to impose costs or sanctions for frivolous conduct is generally entrusted to the court's sound discretion" (Tamburello v Tamburello, 165 AD3d 1006, 1008). Here, Perez failed to prove that the defendants had engaged in frivolous conduct that warranted sanctions (see 22 NYCRR 130-1.1).
Perez's remaining contentions are without merit.
CONNOLLY, J.P., IANNACCI, MILLER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court