Matter of Loreti v Lorcress Enters., Inc. (2025 NY Slip Op 04789)

Matter of Loreti v Lorcress Enters., Inc.

2025 NY Slip Op 04789

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2020-07279
2020-07282
 (Index No. 53885/19)

[*1]In the Matter of John M. Loreti, etc., respondent- appellant, 
v
Lorcress Enterprises, Inc., et al., respondents, Maria Loreti, etc., appellant-respondent.

Baker, Leshko, Saline & Drapeau, LLP, White Plains, NY (Katie Wendle of counsel), for appellant-respondent.
Gallet Dreyer & Berkey, LLP, New York, NY (Adam J. Berkey and David L. Berkey of counsel), for respondent-appellant.
Raymond V. Nicotera, White Plains, NY, for respondent Gina Loreti Forgione.

DECISION & ORDER
In a proceeding, inter alia, pursuant to Business Corporation Law § 1104-a for the judicial dissolution of a closely held corporation, (1) Maria Loreti appeals, and the petitioner cross-appeals, from an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated August 18, 2020, and (2) Maria Loreti appeals from an order of the same court, also dated August 18, 2020. The first order, insofar as appealed from, granted the motion of Gina Loreti Forgione and that branch of the petitioner's cross-motion which was for summary judgment declaring that the ownership of Lorcress Enterprises, Inc., stock is as recited in the minutes of a May 25, 2010 shareholders' meeting. The first order, insofar as cross-appealed from, denied that branch of the petitioner's cross-motion which was for summary judgment on so much of the sixth cause of action as sought to set aside a management agreement dated July 2, 2018. The second order, insofar as appealed from, granted that branch of the petitioner's motion which was pursuant to CPLR 3126 to preclude Maria Loreti and Lorcress Enterprises, Inc., from offering testimonial or documentary evidence concerning any matter in the financial history of Lorcress Enterprise, Inc., that is, was, or might have been recorded in certain files.
ORDERED that the first order is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that Gina Loreti Forgione owns 40 shares of stock, representing a 20% interest, in Lorcress Enterprises, Inc., the estate of John Loreti owns 80 shares of stock, representing a 40% interest, in Lorcress Enterprises, Inc., and Maria Loreti owns 80 shares of stock, representing a 40% interest, in Lorcress Enterprises, Inc.; and it is further,
ORDERED that the first order is reversed insofar as cross-appealed from, on the law, and that branch of the petitioner's cross-motion which was for summary judgment on so much of the sixth cause of action as sought to set aside a management agreement dated July 2, 2018, is granted; and it is further,
ORDERED that the second order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the petitioner and Gina Loreti Forgione, payable by Maria Loreti.
In 2019, the petitioner, as administrator of the estate of John Loreti, commenced this proceeding, inter alia, pursuant to Business Corporation Law § 1104-a for the judicial dissolution of Lorcress Enterprises, Inc. (hereinafter Lorcress), a closely held corporation. The petitioner alleged, among other things, that the ownership of Lorcress stock is as recited in the minutes of a May 25, 2010 shareholders' meeting: Gina Loreti Forgione, 20% (40 shares), John Loreti, 40% (80 shares), and Maria Loreti, 40% (80 shares). The petitioner further alleged that Maria Loreti caused Lorcress to issue to her unauthorized shares and made unauthorized disbursements.
Forgione moved for summary judgment declaring that the ownership of Lorcress stock is as recited in the minutes of the May 25, 2010 shareholders' meeting. The petitioner cross-moved, inter alia, for summary judgment declaring that the ownership of Lorcress stock is as recited in the minutes of the May 25, 2010 shareholders' meeting and on so much of the sixth cause of action as sought to set aside a management agreement between Costa Realty, LLC, and Lorcress dated July 2, 2018 (hereinafter the Costa agreement). In an order dated August 18, 2020, the Supreme Court, among other things, granted Forgione's motion and that branch of the petitioner's cross-motion which was for summary judgment declaring that the ownership of Lorcress stock is as recited in the minutes of the May 25, 2010 shareholders' meeting. The court denied that branch of the petitioner's cross-motion which was for summary judgment on so much of the sixth cause of action as sought to set aside the Costa agreement. Maria Loreti appeals, and the petitioner cross-appeals.
Meanwhile, the petitioner separately moved, inter alia, pursuant to CPLR 3126 to preclude Maria Loreti and Lorcress from offering testimonial or documentary evidence concerning any matter in Lorcress's financial history that is, was, or might have been recorded in certain QuickBooks files, which Maria Loreti failed to produce during discovery. In a separate order dated August 18, 2020, the Supreme Court, among other things, granted that branch of the petitioner's motion. Maria Loreti appeals.
Pursuant to Business Corporation Law § 501(a), "[e]very corporation shall have power to create and issue the number of shares stated in its certificate of incorporation." Shares issued in excess of the maximum issuable shares authorized by the certificate of incorporation are invalid (see Matter of Marino v Island Express Adv., 172 AD2d 525, 525-526).
"Amendment or change of the certificate of incorporation may be authorized by vote of the board, followed by vote of a majority of all outstanding shares entitled to vote thereon at a meeting of shareholders" (Business Corporation Law § 803[a]). "[S]hareholder agreements . . . may overcome the presumption that the certificate controls over any contradictory corporate document . . . when there is clear and unambiguous evidence that a later agreement was meant to override the certificate" (Darnet Realty Assoc., LLC v 136 E. 56th St. Owners, Inc., 153 F3d 21, 28 [2d Cir] [citations omitted]). A "shareholder's agreement is binding as between the original parties to it and enforceable even though all the formal steps required by statute to properly effectuate the agreement have not been fulfilled" (Ench v Breslin, 241 AD2d 475, 477; see Garson v Garson, 105 AD2d 726, 729, affd sub nom. Garson v Rapping, 66 NY2d 928).
Here, Forgione and the petitioner each established their prima facie entitlement to judgment as a matter of law on the issue of ownership by submitting evidence demonstrating that Lorcress's certificate of incorporation authorized the issuance of only 200 shares of stock and that the shares purportedly issued to Maria Loreti in excess of the authorized 200 shares were a nullity (see Matter of Marino v Island Express Adv., 172 AD2d at 525-526). In opposition, Maria Loreti failed to raise a triable issue of fact as to whether the certificate of incorporation had been changed or overridden by a shareholder agreement (see Business Corporation Law §§ 501[a]; 803[a]; Ench [*2]v Breslin, 241 AD2d at 477; Garson v Garson, 105 AD2d at 729). Accordingly, the Supreme Court properly granted Forgione's motion and that branch of the petitioner's cross-motion which was for summary judgment declaring that the ownership of Lorcress stock is as recited in the minutes of the May 25, 2010 shareholders' meeting.
Generally, "courts should strive to avoid interfering with the internal management of business corporations" (Matter of Kenneth Cole Prods., Inc., Shareholder Litig., 27 NY3d 268, 274; see Auerbach v Bennett, 47 NY2d 619, 630-631). Therefore, the substantive determinations of disinterested directors "is beyond judicial inquiry under the business judgment rule, but . . . 'the court may inquire as to the disinterested independence of the [directors]'" (Matter of Kenneth Cole Prods., Inc., Shareholder Litig., 27 NY3d at 274-275, quoting Auerbach v Bennett, 47 NY2d at 623-624).
Business Corporation Law § 713(a) provides that a contract in which a director has a substantial financial interest is not void by reason of such interest alone, inter alia, if it was approved by a majority of the shareholders in possession of all material facts. Where the contract is not approved pursuant to Business Corporation Law § 713(a), the corporation may avoid the contract unless the parties thereto establish affirmatively that it was fair and reasonable to the corporation at the time it was approved (see id. § 713[b]).
Here, the petitioner established, prima facie, that Maria Loreti has a substantial financial interest in the Costa agreement by submitting that agreement, which provides that 8% of Lorcress's gross rents are to be paid to her for a period of 10 years. Moreover, the petitioner also established, prima facie, that the shareholders did not approve the Costa agreement by submitting the minutes of Lorcress's November 20, 2017 shareholders' meeting, which demonstrated that the material terms of the Costa agreement were not presented to the shareholders.
In opposition, Maria Loreti failed to raise a triable issue of fact. Contrary to her contention, the shareholders did not ratify the Costa agreement, as it was not presented to them (see Matter of Hempstead Realty, LLC v Sturrup, 192 AD3d 795, 796). Moreover, Maria Loreti's opposition "failed to raise any triable [issues] of fact relevant to establishing that the [Costa] agreement . . . was fair and reasonable" to Lorcress at the time it was approved (Ench v Breslin, 241 AD2d at 477; see Business Corporation Law § 713[b]; 67-69 St. Nicholas Ave. Hous. Dev. Fund Corp. v Green, 206 AD3d 521, 522). Accordingly, the Supreme Court should have granted that branch of the petitioner's cross-motion which was for summary judgment on so much of the sixth cause of action as sought to set aside the Costa agreement.
"Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126" (Holland v W.M. Realty Mgt., Inc., 64 AD3d 627, 629; see Barnaman v Bishop Hucles Episcopal Nursing Home, 213 AD3d 896, 899). "The Supreme Court is empowered with 'broad discretion in determining the appropriate sanction for spoliation of evidence'" (Utica Mut. Ins. Co. v Berkoski Oil Co., 58 AD3d 717, 718, quoting De Los Santos v Polanco, 21 AD3d 397, 397; see Perez v Tedesco, 214 AD3d 1010, 1012). "Absent an improvident exercise of discretion, the determination to impose sanctions for conduct that frustrates the purposes of the CPLR should not be disturbed" (Lotardo v Lotardo, 31 AD3d 504, 505; see Elaine Farsiso, LLC v Long Is. Compost Corp., 227 AD3d 868, 870; Lieberman v Green, 190 AD3d 713, 714). These sanctions can include "precluding proof favorable to the spoliator" (Ortega v City of New York, 9 NY3d 69, 76; see C.C. v A.R., 192 AD3d 654, 656-657).
Here, the Supreme Court providently exercised its discretion in granting that branch of the petitioner's motion which was pursuant to CPLR 3126 to preclude Maria Loreti and Lorcress from offering testimonial or documentary evidence concerning any matter in Lorcress's financial history that is, was, or might have been recorded in the QuickBooks files as a sanction for Maria Loreti's spoliation of evidence (see Ortega v City of New York, 9 NY3d at 76). Contrary to Maria Loreti's contention, the spoliation sanction imposed by the court was not unfair or overbroad under the circumstances. The record reflects that during discovery, Maria Loreti received a digital copy [*3]of the QuickBooks files maintained by Lorcress's former accountant, directed the deletion of the original files, and failed to produce the QuickBooks files pursuant to a court order directing her to do so, first claiming that she had no such files and thereafter claiming to have lost the digital copy she had received. As Maria Loreti notes, "there is no evidence in the record to suggest what, exactly, comprised the contents of [the QuickBooks files]." To the extent that the court's sanction could result in Maria Loreti being precluded from offering testimony on matters that were not contained within the destroyed files, it is Maria Loreti's own course of conduct that has led to such a result, and we therefore reject her contention that the sanction imposed was too harsh (see generally C.C. v A.R., 192 AD3d at 657).
Accordingly, we remit the matter to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that Forgione owns 40 shares of stock, representing a 20% interest, in Lorcress, the estate of John Loreti owns 80 shares of stock, representing a 40% interest, in Lorcress, and Maria Loreti owns 80 shares of stock, representing a 40% interest, in Lorcress (see Lanza v Wagner, 11 NY2d 317, 334).
CHAMBERS, J.P., WOOTEN, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court