Bianco v New York City Health & Hosps. Corp.

2026 NY Slip Op 02095

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Tatyana Bianco, respondent,

v

New York City Health & Hospitals Corporation, appellant, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2021-09408, (Index No. 520777/17)

Cheryl E. Chambers, J.P.

Deborah A. Dowling

James P. Mccormack

Susan Quirk, JJ.

Steven Banks, Corporation Counsel, New York, NY (Deborah A. Brenner and MacKenzie Fillow of counsel), for appellant.

William Pager, Brooklyn, NY, for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for medical malpractice, the defendant New York City Health & Hospitals Corporation appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated November 30, 2021. The order, insofar as appealed from, granted the plaintiff's motion pursuant to CPLR 3126 to impose sanctions on the defendant New York City Health & Hospitals Corporation to the extent of precluding that defendant from offering certain video surveillance evidence at trial.

ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion pursuant to CPLR 3126 to impose sanctions on the defendant New York City Health & Hospitals Corporation is denied.

In this action, inter alia, to recover damages for medical malpractice, the plaintiff moved pursuant to CPLR 3126 to impose sanctions on the defendant New York City Health & Hospitals Corporation (hereinafter the defendant) for its delay in producing certain video surveillance evidence. In an order dated November 30, 2021, the Supreme Court, among other things, granted the plaintiff's motion to the extent of precluding the defendant from introducing certain video surveillance evidence at trial. The defendant appeals.

"[T]he Supreme Court 'has broad discretion in supervising disclosure and in resolving discovery disputes'" (Pizzo v Lustig, 216 AD3d 38, 44, quoting HSBC Bank USA, N.A. v Oscar, 161 AD3d 1055, 1057). "CPLR 3126 permits a court to impose discovery sanctions which include, but are not limited to, the preclusion of evidence, where a party refuses to obey an order for disclosure or willfully and contumaciously fails to disclose information which the court finds ought to have been disclosed" (id.; see CPLR 3126; Wolf v Flowers, 122 AD3d 728, 728-729). However, "[s]ince public policy strongly favors the resolution of cases on their merits" (Gregorian v New York Life Ins. Co., 211 AD3d 706, 709), "[b]efore a court invokes the drastic remedy of . . . precluding evidence, there must be a clear showing that the failure to comply with court-ordered discovery was willful and contumacious" (Zakhidov v Boulevard Tenants Corp., 96 AD3d 737, 739; see Gregorian v New York Life Ins. Co., 211 AD3d at 709). "Willful and contumacious conduct may be inferred from a party's conduct, such as by the repeated failure to comply with court-ordered discovery coupled with an [*2]inadequate explanation for the failure to comply, or a failure to comply with court-ordered discovery over an extended period of time" (Pizzo v Lustig, 216 AD3d at 45; see Perez v Tedesco, 214 AD3d 1010, 1012; 255 Butler Assoc., LLC v 255 Butler, LLC, 208 AD3d 831, 834). Moreover, although the nature and degree of the penalty to be imposed pursuant to CPLR 3126 rests within the sound discretion of the trial court, "the Appellate Division may substitute its own discretion for that of the trial court in such matters, even in the absence of an abuse of that discretion" (Mirabile v Kuwayama, 231 AD3d 822, 823-824 [internal quotation marks omitted]).

Here, the record does not support an inference that the defendant's delay in producing certain video surveillance evidence was willful and contumacious (see e.g. Conciatori v Port Auth. of N.Y. & N.J., 46 AD3d 501, 504). Accordingly, the plaintiff's motion pursuant to CPLR 3126 to impose sanctions on the defendant should have been denied.

The plaintiff's remaining contention is not properly before this Court.

CHAMBERS, J.P., DOWLING, MCCORMACK and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court