■ GRIFFIN & EVANS COSMETIC MARKETING, INC., Respondent, v MADELEINE MONO, LTD., et al., Appellants.—In an action to recover damages for breach of contract, defendants appeal from (1) an order of the Supreme Court, Westchester County, entered February 6, 1979, which, inter alia, granted plaintiff's motion for partial summary judgment against defendants on the issue of liability and (2) a further order of the same court entered April 19, 1979, which denied defendants' motion to reargue and renew. Order entered February 6, 1979, reversed, and plaintiff's motion denied. Appeal from order entered April 19, 1979 dismissed as academic. Defendants are awarded one bill of $50 costs and disbursements. In our opinion, there are triable issues of fact which preclude the granting of partial summary judgment. The contract period was stated to commence on September 1, 1975 and conclude on December 31, 1985, "Unless sooner terminated as provided in this agreement". The contract permitted cancellation only in the event that the aggregate yearly sales failed to total $100,000. Notice of cancellation was required to be mailed in January of the following year. Nonetheless, by letter dated April 1, 1977, defendants chose to cancel the agreement, whereupon plaintiff commenced the instant action to recover damages for breach of contract. Defendants alluded to plaintiff's failure to put forth its best efforts on their behalf and detailed their complaints more fully in opposing a motion by plaintiff for partial summary judgment. Special Term, however, relying upon the contract provision quoted above and the proclamation that the contract contained the entire agreement of the parties, concluded that the contract detailed the sole ground and means for termination; partial summary judgment against defendants on the issue of liability was granted. In our opinion, Special Term's interpretation was unjustified. Underlying an agency contract, such as the one at bar, is the implied good faith obligation that the agent use his best efforts to promote the principal's product (Van Valkenburgh, Nooger & Neville v Hayden Pub. Co., 30 NY2d 34). Failure to so proceed will constitute a breach of contract (Phoenix Hermetic Co. v Filtrine Mfg. Co., 164 App Div 424). Assuming, arguendo, that defendants had not limited their rights by contract, cancellation of the agreement upon plaintiff's failure to put forth its best efforts would have been justified (see 2 NY Jur 2d, Agency, § 36, p 494). Unlike in

*Wilson Sullivan Co. v International Paper Makers Realty Corp.* (307 NY 20), upon which Special Term relied, defendants here had authority in law for their action, exclusive of the contract. Express reservation of such authority, as in the *Wilson* case, was therefore not required. To the contrary, an express indication that defendants had intended to abandon this right would be required to prove waiver. The language of the contract is far from sufficient to indicate a waiver of defendants' right. Thus, an issue of fact exists as to the contracting parties' intentions which must preclude the granting of partial summary judgment. Furthermore, the time limitation as to notice, as set forth in the contract, concerns only that cancellation which could be made should the aggregate yearly sales fail to total $100,000. Thus, if it is concluded at trial that defendants had not waived the right to cancel the contract upon plaintiffs' failure to put forth its best efforts, defendants would not be limited to the month of January for such cancellation. Damiani, J. P., Titone, Cohalan and O'Connor, JJ., concur.