■ Augustus Dykes, Appellant, v Daniel Valentino, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Richmond County (Leone, J.), dated July 21, 1987, which granted the defendant's motion for leave to amend his answer to interpose the defense of the Statute of Limitations and upon such amended answer granted summary judgment to the defendant on that defense and (2) an order of the same court, dated December 2, 1987, which denied his motion, *inter alia,* for renewal.

Ordered that the orders are affirmed, with one bill of costs.

This action arises from a violent dispute which erupted between the parties, both off-duty police officers, on June 28, 1978, wherein the defendant allegedly punched, kicked and threw the plaintiff to the ground before shooting him once with a revolver. Contrary to the plaintiff's contention, we find no improvident exercise of discretion by the court in granting leave to the defendant to amend his answer to include the affirmative defense of the Statute of Limitations applicable to

causes of action sounding in assault (CPLR 215). The complaint, served nearly three years after the altercation, was couched in terms of negligence. The plaintiff's first allegations of intentional conduct appeared in his bill of particulars, served more than four years after service of the complaint. Furthermore, the plaintiff failed to make any showing of prejudice or surprise by the proposed amendment. Accordingly, the defendant was properly permitted to amend his responsive pleading (see, Fahey v County of Ontario, 44 NY2d 934; Belott v State of New York, 40 AD2d 729; CPLR 3025).

We further conclude that the court properly granted summary judgment to the defendant on the strength of the amended answer. The action, though originally couched in terms of negligence, was actually one to recover damages for the intentional torts of assault and battery and thus was time barred (see, Trott v Merit Dept. Store, 106 AD2d 158). Contrary to plaintiff's contention, the pleadings presented no factual issues as to whether the altercation involved intentional or negligent conduct (CPLR 3212). The 1981 stipulation, waiving the defense of the Statute of Limitations, was not raised in the Supreme Court and we cannot consider it in our determination.

We have examined the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.