■ MATTHEW STEVENS et al., Appellants, v ALLAN D. GRODY et al., Respondents. [746 NYS2d 510]

The plaintiffs commenced this action to terminate and cancel an easement in favor of the defendants based on the defendants' alleged violations of the express terms of a grant of easement. The grant of easement permitted the defendants, their tenants, their immediate families, and their house guests to access and use a boating facility located on the plaintiffs' property. The grant of easement also required the defendants to obtain casualty and liability insurance "in an amount equiv-

alent to one thousand times the tax imposed on the land for the current tax year." It is undisputed that the tax imposed upon the defendants' property, without improvements, was $2,869.84, thereby requiring the defendants to secure a policy in the amount of at least $2,869,840 in coverage.

The plaintiffs moved, pursuant to CPLR 3124, to compel the defendants to submit to an examination before trial. Subsequently, the defendants moved, inter alia, for summary judgment dismissing the complaint.

In opposition to the motion, the plaintiffs asserted that the defendants violated the terms of the easement because they obtained a liability policy with coverage limits of $1,000,000 per occurrence and a general aggregate policy limit of $3,000,000, and purchased the insurance from an unlicensed foreign insurance company which was not authorized to conduct business in the State of New York. The plaintiffs further maintained that the defendants violated the terms of the easement by permitting their friends to permanently use the boat dock.

The Supreme Court, inter alia, denied the plaintiffs' motion to compel the defendants to appear for depositions, and granted the defendants' motion for summary judgment dismissing the complaint. The Supreme Court found that the defendants procured an appropriate amount of insurance coverage, and that the persons who the defendants permitted to use the boating facility fell within the definition of house guests, as contemplated by the grant of easement.

An easement by express grant is construed to give effect to the parties' intent, as manifested by the language of the grant (*see Dowd v Ahr,* 78 NY2d 469, 473; *Perillo v Credendino,* 264 AD2d 473; *Mandia v King Lbr. & Plywood Co.,* 179 AD2d 150). "The extent of an easement claimed under a grant is generally determined by the language of the grant * * * [and] the terms of [such] are to be construed most strongly against the grantor in ascertaining the extent of the easement" (*Mandia v King Lbr. & Plywood Co., supra* at 158).

Contrary to the plaintiffs' contention, the defendants complied with the requirement of the easement with respect to insurance by obtaining a casualty and liability policy with coverage in the aggregate amount of $3,000,000. The grant of easement did not require a specific amount of coverage per occurrence, or that the defendants select an insurance company authorized to do business in the State of New York.

The language of the grant of easement, which was clear and unambiguous, failed to include a definition of the term "house

guest." However, the Supreme Court erred in granting that branch of the defendants' motion which was for summary judgment dismissing the complaint, since the conflicting proof submitted by the parties raised a genuine issue of fact as to whether the defendants' friends were house guests rather than permanent seasonal users of the subject boat dock (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Gold v Berkowitz,* 235 AD2d 455; *Milhim v Almo Realty Corp.,* 188 AD2d 450).

Moreover, that branch of the defendants' motion which was for summary judgment dismissing the complaint should have been denied because the issue of whether the defendants' friends used the boat dock as house guests or as permanent seasonal users was within the exclusive knowledge of the defendants, and no discovery had taken place (*see* CPLR 3212 [f]; *Firesearch Corp. v Micro Computer Controls Corp.,* 240 AD2d 365, 366; *Urcan v Cocarelli,* 234 AD2d 537; *Baron v Incorporated Vil. of Freeport,* 143 AD2d 792, 793). Altman, J.P., Schmidt, Townes and Cozier, JJ., concur.