■ ROCAR REALTY NORTHEAST, INC., Appellant, v JEFFERSON VALLEY MALL LIMITED PARTNERSHIP, Respondent. [833 NYS2d 522]—

In an action, inter alia, for a judgment declaring that the plaintiff is entitled to remain in possession of the subject premises pending an agreement between the parties as to the amount to be paid to the plaintiff for its improvements to the premises and that the plaintiff is entitled to the actual cost of its improvements to the premises without regard to amortization or depreciation tables, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered September 12, 2005, as granted that branch of the defendant's motion which was for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the plaintiff is not entitled to remain in possession of the subject premises pending an agreement between the parties as to the amount to be paid to the plaintiff for its improvements to the premises and that the plaintiff is not entitled to any payment for the cost of its improvements to the premises.

In 1983, the predecessor in interest to the plaintiff Rocar Realty Northeast, Inc. (hereinafter the tenant), entered into a ground lease with the predecessor in interest to the defendant, Jefferson Valley Mall Limited Partnership (hereinafter the landlord). The subject of the lease was an unimproved commercial property on which the tenant intended to construct a building to be used by a subtenant bank as a branch office. The lease was for a term of 20 years, beginning on January 31, 1984, with a tenant's option to renew for up to two additional five-year terms. The lease required the tenant to construct the bank building at its own expense and to surrender the premises to the landlord at the end of the lease term, at which time the landlord would purchase the improvements from the tenant. Specifically, article XVIII of the lease provided that: "Tenant

shall surrender the premises and the improvements thereon to Landlord upon the expiration or earlier termination of the term of this Lease in good condition and repair, damage by casualty and ordinary wear and tear excepted. Provided Tenant is not in default hereunder, Landlord will purchase the improvements thus surrendered from Tenant and will pay therefor[ ] a sum equal to the unamortized book value of such improvements, which sum will be paid to Tenant within sixty (60) days following such surrender."

When the lease term expired on January 31, 2004 the tenant sought payment for the improvements it had made to the property, but the parties could not agree on the amount to be paid for the improvements because a dispute arose as to the meaning of the term "unamortized book value." The tenant did not exercise its option to renew the lease, and yet it refused to vacate the premises while the parties' dispute remained unresolved.

In February 2004 the landlord served the tenant with a notice of default, demanding that the tenant vacate the premises. When the tenant failed to do so, the landlord commenced successive holdover proceedings against the tenant in the Justice Court of the Town of Yorktown, which resulted in an order directing the tenant to surrender the premises. When the tenant failed to do so, the Justice Court issued a judgment of possession in favor of the landlord and a warrant of eviction.

Meanwhile, the tenant commenced this action against the landlord in the Supreme Court, Westchester County, asserting two causes of action. The first cause of action sought a judgment declaring that the tenant was entitled to "the actual cost of its improvements on the Premises without regard to amortization or depreciation tables . . . and that [the tenant] may remain in possession of the Premises . . . until such agreement is reached." The second cause of action sought damages for breach of contract, based on the landlord's refusal to pay the tenant for the improvements to the premises. The Supreme Court granted that branch of the landlord's motion which was for summary judgment. The tenant appeals. We affirm.

Where the terms of a contract are clear and unambiguous, the contract must be enforced according to its terms (*see Reiss v Financial Performance Corp.*, 97 NY2d 195, 198 [2001]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). This principle is especially important "in the context of real property transactions, where commercial certainty is a paramount concern, and where . . . the instrument was negotiated between sophisticated, counseled business people negotiating at arm's length"

(*Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004] [internal quotation marks omitted]; *see Matter of Wallace v 600 Partners Co.*, 86 NY2d 543, 548 [1995]; *W.W.W. Assoc. v Giancontieri, supra* at 162).

Contrary to the tenant's contention, the plain language of article XVIII of the lease required it to surrender the subject premises to the landlord upon the expiration of the lease term, regardless of whether the parties had agreed upon the method of calculating the amount the tenant was to be paid for its improvements to the premises. The lease clearly indicated that such surrender was a condition precedent to the landlord's purchase of the improvements.

Assuming that, as the tenant contends, a valid month-to-month tenancy arose after the expiration of the 20-year lease term, the fact remains that the tenant never surrendered the premises to the landlord. The issuance of the warrant of eviction terminated any existing tenancy and annulled the landlord-tenant relationship by operation of law (*see* RPAPL 749 [3]; *Galapo v Feinberg*, 266 AD2d 150, 151 [1999]), without the surrender contemplated by the lease having occurred. Accordingly, the landlord's obligation to pay the tenant for the improvements to the premises was never triggered, since the condition precedent to that obligation never was (and now cannot be) satisfied by the tenant.

Thus, the landlord made a prima facie showing that the tenant was not entitled to remain in possession of the premises until the parties agreed on the amount to be paid to the tenant for the improvements, that the tenant was not entitled to be paid for the improvements in accordance with its proposed method of calculation (or otherwise), and that the landlord did not breach the agreement by refusing to pay the tenant for the improvements. In opposition, the tenant failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the landlord's motion which was for summary judgment.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for the entry of an appropriate judgment (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Prudenti, P.J., Krausman, Dillon and Mc-Carthy, JJ., concur.