■ DANIEL LIPMAN et al., Respondents, v VYTAUTAS VEBELIU-NAS et al., Appellants. [833 NYS2d 210]—

In an action, inter alia, for a judgment declaring that a lease and easement agreement dated March 4, 1989, is null and void, the defendants Vytautas Vebeliunas and Vanda Vebeliunas, as trustee for the Vart Trust, separately appeal from an order of the Supreme Court, Nassau County (Davis, J.), dated April 21, 2006, which denied their respective motion and cross motion for summary judgment, and granted the plaintiffs' cross motion for summary judgment declaring that the lease and easement agreement dated March 4, 1989, is null and void.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiffs' cross motion for summary judgment declaring that the lease and easement agreement dated March 4, 1989, is null and void, and substituting therefor a provision denying the plaintiff's cross motion; as so modified, the order is affirmed, with one bill of costs payable to the appellants appearing separately and filing separate briefs.

As set forth in the subject lease and easement agreement (hereinafter the agreement) dated March 4, 1989, the defendant Vytautas Vebeliunas (hereinafter Vytautas) purported to grant a 20-year easement to Harry Knecht and Sandra Knecht, in consideration for the Knechts' lease of certain real property to him, with an option to buy after 20 years for a nominal fee. Vytautas executed the agreement in his individual capacity, claiming to be the owner of the allegedly burdened real property, notwithstanding that the true owner was the Vart Trust, of which his wife, Vanda Vebeliunas (hereafter Vanda), was the trustee. After taking title to the Knechts' property with knowledge of the existence of the agreement, the plaintiffs accepted annual rent from the Vart Trust in accordance with the agreement. Upon learning during the course of Vytautas's subsequent bankruptcy proceeding that the Vart Trust was the owner of the allegedly burdened real property, the plaintiffs commenced the instant action against Vytautas and Vanda, as trustee of the Vart Trust, seeking, inter alia, rescission of the agreement and a judgment declaring that the agreement is null and void. Vytautas moved for summary judgment. The plaintiffs cross-moved for summary judgment declaring that the agreement was null and void, and Vanda, as trustee of the Vart Trust, cross-moved for summary judgment, in effect, declaring that the agreement is valid. The Supreme Court denied Vytautas's and

Vanda's motion and cross motion, respectively, and granted the plaintiffs' cross motion for summary judgment declaring that the agreement is null and void. We modify.

Vytautas inaccurately represented himself to be the owner of the allegedly burdened real property, and was not an agent of the true owner, the Vart Trust. Consequently, he could not create or transfer an interest in that real property and, under most circumstances, the easement would be rendered invalid (*see* General Obligations Law § 5-703 [2]). However, the defendants claim that Vanda, as trustee for the Vart Trust, and the Knechts, through their actions, ratified the agreement. "An unauthorized execution of an instrument affecting the title to land or an interest therein may be ratified by the owner of the land or interest so as to be binding on him" (*Holm v C.M.P. Sheet Metal*, 89 AD2d 229, 232 [1982]). "The act of ratification, whether express or implied, must be performed with full knowledge of the material facts relating to the transaction, and the assent must be clearly established and may not be inferred from doubtful or equivocal acts or language" (*Holm v C.M.P. Sheet Metal, supra* at 233). Under the circumstances presented here, issues of fact exist as to whether Vanda, as trustee for the Vart Trust, had full knowledge of the material facts relating to the transaction such that she, as trustee for the Vart Trust, ratified the agreement. As such, the plaintiffs' cross motion for summary judgment declaring that the agreement is null and void should have been denied.

The defendants' contention that the plaintiffs' causes of action are barred by the statute of limitations was waived by their failure to plead the statute of limitations as an affirmative defense (CPLR 3211 [e]; *Dougherty v City of Rye*, 63 NY2d 989, 991-992 [1984]; *Fade v Pugliani/Fade*, 8 AD3d 612, 614 [2004]; *Velez v Policastro*, 1 AD3d 429, 431 [2003]), or to seek leave to amend their answers to include the affirmative defense (*cf. Hickey v Hutton*, 182 AD2d 801, 802 [1992]; *Dykes v Valentino*, 147 AD2d 525 [1989]).

The defendants' remaining contentions are without merit or have been rendered academic. Santucci, J.P., Krausman, Lifson and Dillon, JJ., concur.