■ AMERICAN MOTORISTS INSURANCE COMPANY, Respondent, v KEEP SERVICES, INC., Doing Business as KEEP INSURANCE AGENCY, Appellant. [881 NYS2d 477]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), dated March 14, 2008, as denied that branch of its motion which was for summary judgment dismissing the complaint and granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability, and (2), from a judgment of the same court entered January 20, 2009, which, upon the order dated March 14, 2008, and a trial on damages, is in favor of the plaintiff and against it in the principal sum of $1,414,652.78.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff insurance company entered into an agency agreement with the defendant insurance agent. The agreement provided that the agent was only permitted to solicit or bind insurance in accordance with the plaintiff's underwriting manual. The defendant procured insurance coverage underwritten by the plaintiff for nonparty Advanced Fertility Service (hereinafter AFS). AFS subsequently suffered a loss. The plaintiff claims that it was damaged by its indemnification of AFS in relation to this loss.

"[A]n agent . . . ha[s] a fiduciary duty to act in the utmost good faith and in the interest of . . . its principal, throughout their relationship" (*Cristallina v Christie, Manson & Woods Intl.,* 117 AD2d 284, 292 [1986]). "When a breach of that duty occurs, the agent is liable for damages caused to the principal, whether the cause of action is based on contract . . . or on negligence" (*Cristallina v Christie, Manson & Woods Intl.,* 117 AD2d at 292; *see Griffin & Evans Cosmetic Mktg. v Madeleine Mono, Ltd.,* 73 AD2d 957 [1980]).

The plaintiff established its entitlement to judgment as a

matter of law on the issue of liability by showing that the defendant breached the agency agreement and the underwriting manual by procuring coverage for AFS in violation of the agreement and manual, and the defendant failed to raise a triable issue of fact in response (*see General Acc. Ins. Co. v Smith & Assoc.*, 184 AD2d 616 [1992]).

Further, the defendant failed to rebut the plaintiff's showing that the plaintiff did not ratify the defendant's breach because the plaintiff was prevented by statute from cancelling the policy at issue in the middle of the policy term (*see* Insurance Law § 3426 [c]; § 3105 [b]). In any event, the plaintiff did not have "full knowledge of the material facts relating to the transaction" (*Holm v C.M.P. Sheet Metal*, 89 AD2d 229, 233 [1982]) at the relevant times. "The act of ratification, whether express or implied, must be performed with full knowledge of the material facts relating to the transaction, and the assent must be clearly established and may not be inferred from doubtful or equivocal acts or language" (*Holm v C.M.P. Sheet Metal*, 89 AD2d at 233; *see Lipman v Vebeliunas*, 39 AD3d 488 [2007]).

The defendant's remaining contentions are without merit. Fisher, J.P., Dillon, Covello and Dickerson, JJ., concur.