■ COASTAL PURCHASING GROUP, LLC, Respondent, v JPMCC 2005-CIBC COLLINS LODGING, LLC, et al., Appellants. [993 NYS2d 128]—

In an action, inter alia, for specific performance of an option to purchase a mortgage pursuant to a lease and declaratory relief, the defendants JPMCC 2005-CIBC Collins Lodging, LLC, LNR Partners, LLC, and Wells Fargo Bank, N.A., appeal, as limited by their brief, from so much of an amended order of the Supreme Court, Nassau County (Bucaria, J.), dated March 20, 2013, as granted the plaintiff's motion for a preliminary injunction and denied their cross motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them and pursuant to CPLR 327 to dismiss the complaint on the ground of forum non conveniens, and the defendant NYLIM Real Estate Mezzanine Fund II, L.P., appeals, as limited by its brief, from so much of the same amended order as denied its separate cross motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against it.

Ordered that on the Court's own motion, the defendants' respective notices of appeal from an order dated March 7, 2013, are deemed premature notices of appeal from the amended order dated March 20, 2013 (see CPLR 5520 [c]); and it is further,

Ordered that the appeal by the defendants JPMCC 2005-CIBC Collins Lodging, LLC, LNR Partners, LLC, and Wells Fargo Bank, N.A., from so much of the amended order as granted the plaintiff's motion for a preliminary injunction is dismissed as academic; and it is further,

Ordered that the amended order is modified, on the law, (1) by deleting the provisions thereof denying those branches of the cross motion of the defendants JPMCC 2005-CIBC Collins Lodging, LLC, LNR Partners, LLC, and Wells Fargo Bank, N.A., which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them, and substituting therefor a provision granting those branches of that cross motion, and (2) by deleting the provision thereof denying the separate cross motion of the defendant NYLIM Real Estate Mezzanine Fund II, L.P., pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it, and substituting therefor a provision granting that cross motion; as so modified, the amended order is affirmed insofar as reviewed, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the plaintiff did not have the right to purchase the subject mortgage at fair market value and that the defendants were not obligated to sell or assign the mortgage to the plaintiff; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

In this action, the plaintiff, Coastal Purchasing Group, LLC (hereinafter Coastal), sought, among other things, specific performance of an option to purchase a mortgage that encumbered a hotel in Miami Beach, Florida, known as "the Shore Club." The mortgage agreement was entered into in November 2005, with CIBC, Inc., as the mortgagee and the Shore Club's owner, Phillips South Beach, LLC (hereinafter PSB), as the mortgagor. The loan was evidenced by two notes, one for $115 million and one for $11.5 million. CIBC, Inc., assigned the mortgage and the larger note to the defendant Wells Fargo Bank, N.A. (hereinafter Wells Fargo), and the smaller note to the defendant NYLIM Real Estate Mezzanine Fund II, L.P. (hereinafter NYLIM). Subsequently, Wells Fargo assigned the mortgage and the two notes to the defendant JPMCC 2005-CIBC Collins Lodging, LLC (hereinafter JPMCC). PSB thereafter defaulted on the mortgage loan, and on or about November 29, 2010, JPMCC commenced an action, in the state of Florida, to foreclose the mortgage.

While the Florida foreclosure action was pending, PSB entered into a lease with Nobu Associates (South Beach), L.P. (hereinafter Nobu), to lease a restaurant space at the Shore Club. Philip Pilevsky is a member and the managing agent of PSB.

The lease contained a provision which stated that PSB granted Nobu the right to purchase the mortgage at fair market value. Nobu assigned its rights under that provision to Coastal. Philip Pilevsky is also a member and the managing agent of Coastal.

Thereafter, Coastal informed JPMCC that it was exercising its right to purchase the mortgage at fair market value pursuant to the provision in the lease. JPMCC refused to sell the mortgage to Coastal and proceeded with the Florida foreclosure action. Coastal then commenced the instant action seeking, inter alia, specific performance and a declaration that it had the right to purchase the mortgage at fair market value and that the defendants were obligated to sell and assign the mortgage to Coastal.

Coastal moved to preliminarily enjoin the defendants from taking any actions that would impair or extinguish its alleged right to purchase the mortgage. JPMCC, its loan servicer, the defendant LNR Partners, LLC (hereinafter LNR), and Wells Fargo (hereinafter collectively the bank defendants), inter alia, cross-moved pursuant to CPLR 3211 (a) (1), (7) and (10), to dismiss the complaint insofar as asserted against them and pur-

suant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against JPMCC. They also moved pursuant to CPLR 327 to dismiss the complaint on the ground of forum non conveniens. NYLIM separately cross-moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it. In the amended order appealed from, the Supreme Court granted Coastal's motion and denied the cross motions.

"A motion pursuant to CPLR 3211 (a) (1) . . . may appropriately be granted 'only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law' " (*Springer v Almontaser*, 75 AD3d 539, 540 [2010], quoting *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Parkoff v Stavsky*, 109 AD3d 646, 647 [2013]). On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must "afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Atlantic Capital Realty v Cayuga Capital Mgt., LLC*, 116 AD3d 890, 891 [2014]; *see Felix v Thomas R. Stachecki Gen. Contr., LLC*, 107 AD3d 664 [2013]; *Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]). "However, factual allegations which are flatly contradicted by the record are not presumed to be true and, '[i]f the documentary proof disproves an essential allegation of the complaint, dismissal pursuant to CPLR 3211 (a) (7) is warranted even if the allegations, standing alone, could withstand a motion to dismiss for failure to state a cause of action' " (*Deutsche Bank Natl. Trust Co. v Sinclair*, 68 AD3d 914, 915 [2009], quoting *Peter F. Gaito Architecture, LLC v Simone Dev. Corp.*, 46 AD3d 530, 530 [2007]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Sokol v Leader*, 74 AD3d 1180, 1180-1181 [2010]).

Here, the documentary evidence conclusively established that none of the defendants was a party to PSB's and Nobu's lease and, thus, cannot be bound by the purchase option contained therein (*see Kalmon Dolgin Affiliates, Inc. v Tonacchio*, 110 AD3d 848, 850 [2013]; *Kopelowitz & Co., Inc. v Mann*, 83 AD3d 793, 797 [2011]; *Manhattan Real Estate Equities Group LLC v Pine Equity NY, Inc.*, 27 AD3d 323, 323 [2006]). Moreover, the documentary evidence relied upon by the defendants, including a subordination, nondisturbance, and attornment agreement dated January 9, 2012, refuted the allegations in the complaint that JPMCC and the other defendants assented to be bound by the purchase option (*see American Motorists Ins. Co. v Keep*

*Servs., Inc.,* 63 AD3d 865, 867 [2009]; *Holm v C.M.P. Sheet Metal,* 89 AD2d 229, 233 [1982]). Thus, the defendants established that they were entitled to dismissal of the complaint pursuant to CPLR 3211 (a) (1) and (7).

The bank defendants' appeal from so much of the amended order as granted Coastal's motion for a preliminary injunction must be dismissed as academic, because PSB has since exercised its right of redemption and tendered full payment of the mortgage loan.

The appellants' remaining contentions either are without merit or have been rendered academic by our determination.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the plaintiff did not have the right to purchase the subject mortgage at fair market value and that the defendants were not obligated to sell or assign the mortgage to the plaintiff (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962]). Rivera, J.P., Balkin, Cohen and Miller, JJ., concur.