■ Matthew O'Neill et al., Appellants, v Vytautas Vebeli-unas et al., Respondents, and Fox Pond, LLC, Intervenor-Defendant-Respondent. (Action No. 1.) Fox Pond, LLC, Respondent, v Daniel Lipman et al., Appellants. (Action No. 2.) [25 NYS3d 305]——

In two related actions, inter alia, for a judgment declaring the rights of the parties with respect to an agreement dated March 4, 1989, the plaintiffs in action No. 1 and the defendants in action No. 2 appeal from a judgment of the Supreme Court, Nassau County (Winslow, J.), entered November 4, 2013, which, upon a decision and an order of the same court, both dated August 13, 2013, inter alia, declared that the agreement is valid and enforceable, directed the plaintiffs in action No. 1 to convey the one-acre parcel of real property that is a subject of the agreement to the original intervenors-defendants in action No. 1 and plaintiffs in action No. 2, Gunnar S. Overstrom III and Claudia Taylor Overstrom, or to their successor-in-title (i.e., Fox Pond, LLC), directed that the easement provided for in the agreement be deemed extinguished upon such conveyance, and dismissed, with prejudice, the first and second causes of action in action No. 1.

Ordered that the judgment is modified, on the law and the facts, by deleting the provision thereof directing that the easement provided for in the agreement be deemed extinguished

upon the conveyance of the one-acre parcel to Gunnar S. Overstrom III and Claudia Taylor Overstrom, or to their successor-in-title (i.e. Fox Pond, LLC); as so modified, the judgment is affirmed, without costs or disbursements.

The facts necessary to an understanding of this appeal are contained in a decision and order of this Court on a prior appeal in action No. 1 (*see Lipman v Vebeliunas*, 39 AD3d 488 [2007]). On that appeal, this Court determined that there were triable issues of fact as to whether Vanda Vebeliunas, as trustee for the Vart Trust (hereinafter Vanda), ratified a mutual lease and easement agreement (hereinafter the agreement) dated March 4, 1989. In December 2012, the Supreme Court held a hearing on that issue and, on August 13, 2013, issued a decision and an order determining that Vanda had ratified the agreement. On November 4, 2013, upon the decision and the order, the court entered the judgment appealed from declaring that the agreement was enforceable, directing the plaintiffs in action No. 1 to convey a certain one-acre parcel to the original intervenors-defendants in action No. 1 and plaintiffs in action No. 2, Gunnar S. Overstrom III and Claudia Taylor Overstrom, or to their successor-in-title (i.e., Fox Pond, LLC), and directing that, upon such conveyance, an easement provided for in the agreement be deemed extinguished. The current plaintiffs in action No. 1, Matthew O'Neill and Mary O'Neill, and the defendants in action No. 2, Daniel Lipman and Melissa Lipman (hereinafter together the Lipmans), appeal.

The Supreme Court correctly determined that Vanda ratified the agreement. The evidence at the hearing as to Vanda's conduct, performance of certain obligations, and correspondence, each specifically referable to, or referencing, the agreement (*see Newton v Bronson*, 13 NY 587, 595 [1856]), clearly established that Vanda assented to the agreement. The evidence, which included correspondence between Vanda and the Lipmans and between Vanda and the Lipmans' attorney, also established that Vanda had "full knowledge of the material facts relating to the transaction" when she assented to the agreement (*Lipman v Vebeliunas*, 39 AD3d at 490; *see Holm v C.M.P. Sheet Metal*, 89 AD2d 229, 233 [1982]). Accordingly, the court correctly determined that the agreement was enforceable by Vanda and by her successors in interest.

The Supreme Court erred, however, in concluding that, under the terms of the agreement, the easement would be extinguished upon the grantee's purchase of the parcel that was the subject of the agreement's lease provisions. "Where the terms of a contract are clear and unambiguous, the contract must be

enforced according to its terms" (*Rocar Realty Northeast, Inc. v Jefferson Val. Mall Ltd. Partnership*, 38 AD3d 744, 746 [2007]; *see Stevens v Grody*, 297 AD2d 372, 373 [2002]). Here, the agreement unambiguously provided that the easement was to be "perpetual," that it would be recorded, and that it was to last for the "duration of the lease and or sale, for the benefit of" the grantee. Given this clear language, and the language of the entire agreement, it would be unreasonable to conclude that the parties intended that the easement be extinguished upon the grantee's exercise of the option to purchase the leased parcel. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.