Matter of 148 S. Emerson Partners, LLC v 148 S. Emerson Assoc., LLC (2018 NY Slip Op 00423)





Matter of 148 S. Emerson Partners, LLC v 148 S. Emerson Assoc., LLC


2018 NY Slip Op 00423


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
L. PRISCILLA HALL
SANDRA L. SGROI
COLLEEN D. DUFFY, JJ.


2016-05032
 (Index No. 605850/15)

[*1]In the Matter of 148 South Emerson Partners, LLC, petitioner-respondent, 
v
148 South Emerson Associates, LLC, respondent; Drew Doscher, etc., intervenor respondent-appellant.


Kasowitz Benson Torres LLP, New York, NY (Michael J. Bowe of counsel), for intervenor respondent-appellant.
Arnold & Porter Kaye Scholer LLP, New York, NY (James M. Catterson, Margaret A. Rogers, Stephanna F. Szotkowski, and Greenberg Traurig, LLP [Michael Burrows], of counsel), for petitioner-respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Suffolk County (Jerry Garguilo, J.), dated April 14, 2016. The order, insofar as appealed from, after a framed-issue hearing, sua sponte, determined that there is no leasehold between the petitioner and the respondent.
ORDERED that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from, with costs.
Drew Doscher, Michael Meagher, Michael Meyer, and Stephen Smith (hereinafter collectively the managing members) formed two limited liability companies, 148 South Emerson Partners, LLC (hereinafter Emerson Partners), and 148 South Emerson Associates, LLC (hereinafter Emerson Associates). Emerson Partners was formed to "own, lease and manage" real property located at 148 South Emerson Avenue in Montauk (hereinafter the property). Emerson Associates, in accordance with its corporate purpose, owns and manages a restaurant business on the property. Initially, the managing members each held a 25% ownership interest in both Emerson Partners and Emerson Associates. However, in July 2012, Meagher and Smith assigned their respective ownership interests in Emerson Associates to Meyer and Doscher.
On April 3, 2015, a special meeting of Emerson Partners was called by Meagher and Meyer to vote on a resolution to evict Emerson Associates from the property. The meeting was held on April 13, 2015, at which time Meagher, Meyer, and Smith voted in favor of the proposed resolution to evict, and Doscher opposed. On April 14, 2015, Emerson Partners issued a "Notice of Termination of Tenancy" to Emerson Associates, stating that "by no later than May 15, 2015 . . . [Emerson Associates] must surrender possession of the [property]" to Emerson Partners. Three days after Emerson Associates was supposed to vacate the property, Doscher's attorney produced a copy [*2]of a purported lease entered into between Emerson Partners and Emerson Associates (hereinafter the lease). The lease was undated, and the names of the persons who signed the lease on behalf of Emerson Partners and Emerson Associates were not printed below the signature lines.
By order to show cause dated June 4, 2015, Emerson Partners commenced this summary holdover proceeding pursuant to RPAPL 711(1) against Emerson Associates to evict it from the property. Doscher was granted leave to intervene. A framed-issue hearing was held as to the validity of the lease, in which all parties participated. After the hearing, in an order dated April 14, 2016, the Supreme Court, inter alia, determined that there was no leasehold between Emerson Partners and Emerson Associates. Doscher appeals.
On appeal, Doscher argues that the lease is valid because it was ratified by Emerson Partners. " An unauthorized execution of an instrument affecting the title to land or an interest therein may be ratified by the owner of the land or interest so as to be binding on him'" (Lipman v Vebeliunas, 39 AD3d 488, 490, quoting Holm v C.M.P. Sheet Metal, 89 AD2d 229, 232). " The act of ratification, whether express or implied, must be performed with full knowledge of the material facts relating to the transaction, and the assent must be clearly established and may not be inferred from doubtful or equivocal acts or language'" (Lipman v Vebeliunas, 39 AD3d at 490, quoting Holm v C.M.P. Sheet Metal, 89 AD2d at 233; see DiPizio Constr. Co., Inc. v Erie Canal Harbor Dev. Corp., 134 AD3d 1418, 1419-1420; American Motorists Ins. Co. v Keep Servs., Inc., 63 AD3d 865, 867).
Contrary to Doscher's contention, the evidence at the hearing did not establish that Emerson Partners ratified the lease with full knowledge of all the material facts relating to the lease (see CIT Tech. Fin. Servs. I LLC v Bronx Westchester Med. Group, P.C., 117 AD3d 567, 567; Holm v C.M.P. Sheet Metal, 89 AD2d at 233). There was no evidence of any correspondence between the parties concerning the lease, the lease was not signed by Meagher, Meyer, or Smith, and there was no evidence that a copy of the lease was ever provided to Meagher, Meyer, and Smith (cf. O'Neill v Vebeliunas, 136 AD3d 876, 877). Although Doscher claimed to have seen the lease in 2011, it was only belatedly produced in this proceeding by his attorneys after their "searches and inquiries" uncovered it.
In addition, while it was undisputed that since 2011 Emerson Associates paid various expenses related to the property, including real estate taxes and general liability insurance, and paid for approximately $1 million in improvements to the property, there was no evidence that Emerson Associates made those payments pursuant to the lease or that Emerson Partners received those benefits with knowledge of the lease or its terms. Similarly, while there was evidence that Emerson Associates paid rent to Emerson Partners in 2012, the rental payments did not correlate to the monthly or annual rent required under the lease.
Accordingly, under these circumstances, the Supreme Court properly determined that there was no leasehold between Emerson Partners and Emerson Associates.
Doscher's argument that Emerson Associates' partial performance under the lease precluded application of the statute of frauds is not properly before this Court, since it was improperly raised for the first time on appeal (see Williams v City of New York, 153 AD3d 1301).
MASTRO, J.P., HALL, SGROI and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court