Vebeliunas v Overstrom (2020 NY Slip Op 07732)





Vebeliunas v Overstrom


2020 NY Slip Op 07732


Decided on December 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 22, 2020

Before: Friedman, J.P., Renwick, Oing, Mendez, JJ. 


Index No. 160255/16 Appeal No. 12316-12316A Case No. 2020-02567 

[*1]Vanda Vebeliunas etc., et al., Plaintiffs-Respondents,
v
Gunnar S. Overstrom, III et al., Defendants-Appellants.


The Law Office of Thomas M. Mullaney, New York (Thomas M. Mullaney of counsel), for appellants.
Law Office of Fred L. Seeman, New York (Peter Kirwin of counsel), for respondents.



Appeal from order, Supreme Court, New York County (Anthony Cannataro J.), entered October 9, 2019, which denied defendants' motion for summary judgment dismissing the breach of contract cause of action and granted plaintiffs' cross motion for summary judgment on its breach of contract cause of action, deemed appeal from judgment, same court and Justice, entered October 21, 2019, awarding plaintiff the aggregate amount of $104,897.00, and so considered, the judgment is unanimously affirmed, with costs.
This appeal was timely filed. We reject, as unpersuasive, plaintiffs' assertion that this appeal should be dismissed because defendants' notice of appeal from the decision and order granting summary judgment was timely, but their notice of appeal from the judgment that incorporated that decision and order was untimely. The initial filing was sufficient for jurisdictional purposes because the relief granted in the judgment is identical to that directed in the decision and order (see CPLR 5520 [c]).
The court properly denied defendants' motion for summary judgment and granted plaintiffs' cross motion for summary judgment on their breach of contract claim. Before plaintiffs sold defendants their property on Bayville Road, they had negotiated a Lease & Easement with nearby property owners, the Hechts, which gave plaintiffs a 100-year lease of one acre of the Hechts' property on Taylor Court for $10 per year, with an option to buy that acre for $10 after 20 years. It also gave the Hechts a "perpetual" easement that allowed them to access and use a lake on the Bayville property. After the Hechts later sold their property to the Lipmans, the Lipmans sued plaintiffs to rescind the Lease & Easement (Lipman Action), and alleged that plaintiff Vanda Vebeliunas's now deceased husband, Vytautas Vebeliunas, who had executed the Lease & Easement, lacked authority to do so. This raised the question of whether plaintiffs had nevertheless ratified the Lease & Easement (see Holm v C.M.P. Sheet Metal, 89 AD2d 229, 232-233 [4th Dept 1982]).
While the Lipman Action was pending, plaintiffs sold their property to defendants. The provision at issue, in an agreement dated October 17, 2008, which modified the original closing agreement (the Modification Agreement), requires defendants to pay plaintiffs $75,000 upon a "Successful Outcome," meaning the Lipman action was resolved by a judgment beyond appeal, "resulting in complete ratification and/or enforcement of the Lease and Easement in favor of the Purchaser [defendants]."
A "complete ratification" occurred. Supreme Court, Nassau County, determined that plaintiff Vanda ratified the agreement, and the Second Department held on appeal that "[t]he Supreme Court correctly determined that Vanda ratified the agreement" (O'Neill v Vebeliunas, 136 AD3d 876, 877 [2d Dept 2016]). The Second Department also reinstated the easement to the lake. Thus, after judgment beyond appeal, the Lease & Easement was "complete[ly]" ratified[*2], i.e., ratified in full in its original form. Thus, Supreme Court applied the correct principles of contract interpretation, and adhered to the unambiguous terms of the contract (see South Rd. Assoc., LLC v International Bus. Machs. Corp., 4 NY3d 272, 277 [2005]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2020