OPTION ONE MORTGAGE CORP., Respondent, v LEONARD T. CORMAN et al., Appellants. AARON VIGNOGNA, Nonparty Respondent. [835 NYS2d 608]—

In an action to foreclose a mortgage, the defendants appeal from an order of the Supreme Court, Dutchess County (Dolan, J.), dated October 17, 2006, which denied their motion to set aside the foreclosure sale.

Ordered that the order is affirmed, with costs.

The defendants, the owners of real property located at 8 Rockledge Road in Poughkeepsie (hereinafter the property), encumbered the property with a mortgage lien as security for a $160,000 loan made to them by the plaintiff mortgagee. The defendants admittedly defaulted on the mortgage loan. On or about February 15, 2006 a judgment of foreclosure and sale was entered, leaving the defendants holding an "equity of redemption." An equity of redemption ordinarily can be exercised at any time until the sale under the judgment of foreclosure (*see e.g. NYCTL 1996-1 Trust v LFJ Realty Corp.,* 307 AD2d 957 [2003]).

A foreclosure sale, which had been scheduled for March 28, 2006, was cancelled after the defendants and the plaintiff entered into a forbearance agreement (hereinafter the agreement). As of May 27, 2006, only two months after the agreement was entered into, the defendants committed a material breach by failing to make a required monthly payment thereunder. Indeed, according to the defendants' counsel, the defendants' default under the agreement occurred as early as April 27, 2006.

By letter dated June 13, 2006 (hereinafter the termination letter), the plaintiff advised the defendants that pursuant to the terms of the agreement, the agreement was deemed to be automatically terminated because of their default thereunder. The plaintiff averred in a sworn affidavit that the letter was sent to the defendants at the property. There is no other proof that the letter was actually mailed or received. However, the record also contains unrefuted evidence that on June 26, 2006 a "notice of sale" dated June 19, 2006, was mailed to the defendants at the property.

In the interim, the notice of impending foreclosure sale had, for the first time, been published on June 22, 2006; the upcoming foreclosure sale was thereafter published on five other days over the course of three weeks (see RPAPL 231 [2] [a]). The foreclosure sale took place on July 13, 2006, 21 days after the date when notice thereof was first published, 17 days after the date of service on the defendants of the "notice of sale," and 30 days after the date of the termination letter.

In the order appealed from, the Supreme Court denied the defendants' motion to set aside the foreclosure sale, explaining: "[d]efendants defaulted on their mortgage, breached the forbearance agreement, were aware of the foreclosure sale, and misrepresented significant facts [in support of the present motion]." We affirm.

Pursuant to paragraph 10 of the agreement, the plaintiff "retain[ed] the right to . . . publish the pending foreclosure . . . or otherwise take any action reasonably necessary to maintain the 'pending' status of the foreclosure action *during the term of [the] Agreement*" (emphasis added). Moreover, pursuant to paragraph 13 thereof, upon the occurrence of a material breach of the agreement by the defendants, the plaintiff was "entitled to . . . resume foreclosure without the necessity of re-providing the [defendants] with any legally required notices that were duly provided by [the plaintiff] to [the defendants] prior to execution or during the term of [the] Agreement." Also, in accordance with paragraph 14 of the agreement,

the defendants "agree[d] that they have no defense . . . related to . . . [the plaintiff's] activities relating to the Loan or the Property."

That the defendants in fact committed a material breach of the agreement is not contested on appeal. In fact, the defendants effectively limit the scope of this appeal to a single and very narrow issue, arguing only that "the commencement of the advertisement of the foreclosure sale [on June 22, 2006] was in violation of the terms of [paragraph 12 of] the forbearance agreement."

In advancing this argument, the defendants rely on the provision contained in paragraph 12 of the agreement, pursuant to which, upon the occurrence of a "material breach" by the defendants, the agreement would "automatically terminate, upon ten (10) days prior written notice to [the defendants] at [the defendants'] last known address." The defendants contend that assuming that the termination letter was mailed on June 13, 2006, and it was otherwise in compliance with paragraph 12 of the agreement, the plaintiff was prohibited from commencing the publication of notice required by RPAPL 231 (2) (a) until June 24, 2006. Thus, the defendants contend that the foreclosure sale must be set aside because notice of the sale was published one day earlier than it should have been. This argument is without merit.

The fundamental purpose of the 10-day written notice provision of paragraph 12 of the agreement was satisfied since the defendants had more than 10 days, whether measured from the date of the June 13, 2006 termination letter, or from June 26, 2006, the date on which the June 19, 2006 notice of sale was mailed, within which to comply with RPAPL 1341 (2) by depositing an appropriate sum into court so as to redeem the property prior to the foreclosure sale scheduled for July 13, 2006. Paragraph 10 of the agreement permits the publication of an impending foreclosure sale before the agreement has been deemed to be automatically terminated. In addition, the agreement contains no provision requiring that the plaintiff refrain from publishing notice of the foreclosure sale until at least 10 days after the issuance or receipt of a termination letter. Therefore, the fact that the termination letter and the notice of sale were not mailed at least 10 days prior to the first date of publication did not constitute a basis upon which to set aside the foreclosure sale.

For these reasons, the defendants' sole argument on appeal is without merit. Rivera, J.P., Skelos, Angiolillo and Balkin, JJ., concur.