■ DEUTSCHE BANK NATIONAL TRUST COMPANY, Appellant, v ADDINGTON WILLIAMS, Respondent, et al., Defendants. [879 NYS2d 552]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated August 8, 2007, as granted the motion of the defendant Addington Williams to vacate a judgment of the same court entered April 4, 2007, upon that defendant's default in answering or appearing, in favor of it and against that defendant.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, the motion of the defendant Addington Williams to vacate the judgment entered April 4, 2007 is denied, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment in accordance herewith.

As security for a loan, the defendant Addington Williams gave a mortgage to the plaintiff's predecessor in interest with respect to premises located at 535 East 55th Street in Brooklyn. Williams defaulted on the repayment of the loan in March 2005 and, after notice and a demand for payment, the plaintiff commenced this foreclosure action. Williams failed to appear or answer the complaint, an order of reference was entered, and the referee reported the amount owed as of June 29, 2006.

After the plaintiff moved for a default judgment of foreclosure and sale, but before the Supreme Court decided that motion, Williams contacted the plaintiff and requested an opportunity to cure his default. The parties entered into a forbearance agreement on November 16, 2006, which set forth a plan for the repayment of the debt. The plaintiff agreed that it would postpone the foreclosure action, provided that there was no default by Williams in complying with the terms of repayment. The agreement clearly provided that the plaintiff was not cancelling the foreclosure action, but merely postponing it. Williams made the lump-sum payment required under the agreement, and made two monthly payments, but defaulted on the repayments in March 2007. Under the terms of the forbearance agreement, Williams's default resulted in the immediate termination of that agreement, the full amount owed under the loan became due and payable, and the plaintiff was authorized to continue with the foreclosure action.

Contrary to the determination of the Supreme Court, a forbearance agreement does not constitute a settlement of the foreclosure action. As a result, the provisions of CPLR 2104 regarding stipulations of settlement have no relevance to the forbearance agreement. Rather, a mortgagee that enters into a forbearance agreement merely refrains from immediately exercising the remedies it may have and grants the mortgagor an extension of time for the repayment of his or her debt (*cf. Matter of Delafield 246 Corp. v City of New York,* 11 AD3d 268, 272 [2004]).

Here, the forbearance agreement is clear and unambiguous. As with any such unambiguous contract, the plaintiff was entitled to the enforcement of the agreement according to its terms (*see Ross v Sherman,* 57 AD3d 758 [2008]; *Novelty Crystal Corp. v PSA Institutional Partners, L.P.,* 49 AD3d 113, 118

828

[2008]; *Rocar Realty Northeast, Inc. v Jefferson Val. Mall Ltd. Partnership,* 38 AD3d 744, 746 [2007]) and, when Williams defaulted under the terms of that agreement, the plaintiff was entitled to proceed with the foreclosure action (*see Option One Mtge. Corp. v Corman,* 39 AD3d 724 [2007]).

The payments made by Williams under the forbearance agreement must, however, be considered as part of the referee's calculation of the amounts owed and credited, as of the date of the foreclosure sale, in determining the proper disposition of the proceeds of the sale (*see* RPAPL 1355). Accordingly, we remit the matter to the Supreme Court, Kings County, for the entry of an appropriate amended judgment that credits the payments made by Williams in calculating the sum to be awarded to the plaintiff. Spolzino, J.P., Santucci, Angiolillo and Eng, JJ., concur. [*See* 17 Misc 3d 320.]