3052 Brighton 1st St. II, LLC v 3052 Brighton First, LLC (2023 NY Slip Op 00197)

3052 Brighton 1st St. II, LLC v 3052 Brighton First, LLC

2023 NY Slip Op 00197

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2018-01122
2018-01242
2018-07018
 (Index No. 509304/15)

[*1]3052 Brighton 1st Street II, LLC, respondent,
v
3052 Brighton First, LLC, appellant, et al., defendants.

Seddio & Associates, P.C., Brooklyn, NY (Frank R. Seddio and Mischel & Horn, P.C. [Scott T. Horn], of counsel), for appellant.
Kriss & Feuerstein, LLP, New York, NY (Jerold C. Feuerstein, Michael J. Bonneville, and Michael V. Capellupo of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant 3052 Brighton First, LLC, appeals from (1) an order of the Supreme Court, Kings County (David B. Vaughan, J.), dated November 1, 2017, (2) an order and judgment of foreclosure and sale of the same court, also dated November 1, 2017, and (3) an order of the same court dated May 7, 2018. The order dated November 1, 2017, insofar as appealed from, granted that branch of the plaintiff's motion which was for a judgment of foreclosure and sale, and denied that defendant's cross motion for leave to serve a late answer. The order and judgment of foreclosure and sale, insofar as appealed from, granted the same relief to the plaintiff and directed the sale of the subject property. The order dated May 7, 2018, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 5015(a) to vacate the order and judgment of foreclosure and sale.
ORDERED that the appeal from the order dated November 1, 2017, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated May 7, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action to foreclose a mortgage on certain real property against, among others, the defendant 3052 Brighton First, LLC (hereinafter the defendant). The defendant failed to timely answer the complaint. Thereafter, the plaintiff and the defendant, along with their respective counsel, entered into a stipulation of forbearance (hereinafter the forbearance agreement). Pursuant to the terms of the forbearance agreement, the plaintiff stipulated, inter alia, [*2]that it would refrain from prosecuting this foreclosure action during the forbearance period as defined in the forbearance agreement. The plaintiff further stipulated that it would accept the payoff amount as set forth in the forbearance agreement in full satisfaction of the loan debt secured by the subject mortgage, provided the agreed on payoff amount was tendered to the plaintiff during the forbearance period. The defendant waived and released "all defenses, affirmative responses and counterclaims," and consented to the "immediate appointment of a referee to compute the amount due and related relief . . . and, thereafter, the immediate entry of a Judgement of Foreclosure and Sale."
Subsequently, the plaintiff moved, among other things, for a judgment of foreclosure and sale. The defendant opposed, and cross-moved for leave to serve a late answer. In an order dated November 1, 2017, the Supreme Court, inter alia, granted that branch of the plaintiff's motion and denied the defendant's cross motion. The court issued an order and judgment of foreclosure and sale which granted that branch of the plaintiff's motion and directed the sale of the subject property. The defendant moved, among other things, pursuant to CPLR 5015(a) to vacate the order and judgment of foreclosure and sale. In an order dated May 7, 2018, the court denied the defendant's motion. These appeals followed.
The appeal from the order dated November 1, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in this action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
On appeal, the defendant's main contention is that the Supreme Court should have granted its cross motion for leave to serve a late answer or that branch of its motion which was to vacate as, in its view, it demonstrated a reasonable excuse for the default and a potentially meritorious defense to the foreclosure action. We reject this contention. On its cross motion and its subsequent motion, inter alia, to vacate, the defendant had to show "both a reasonable excuse for the default and the existence of a potentially meritorious defense" (U.S. Bank N.A. v Rauff, 205 AD3d 963, 965; see Deutsche Bank Natl. Trust Co. v Abrahim, 183 AD3d 698, 699). The defendant failed to make this showing. It did not establish a reasonable excuse for its failure to timely answer the complaint. In any event, it did not demonstrate a potentially meritorious defense to the action. A forbearance agreement will generally be enforced according to its terms where, as here, it is unambiguous (see Deutsche Bank Natl. Trust Co. v Williams, 62 AD3d 826, 827). In the forbearance agreement, the defendant waived all defenses to foreclosure and consented to the entry of a judgment of foreclosure and sale.
The defendant's remaining contentions are without merit.
DILLON, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court