203-205 N 8th St., LLC v 203-205 N. 8th St. Loft, LLC (2023 NY Slip Op 00194)

203-205 N 8th St., LLC v 203-205 N. 8th St. Loft, LLC

2023 NY Slip Op 00194

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2018-00961
2018-01239
2018-07020
 (Index No. 509303/15)

[*1]203-205 N 8th Street, LLC, respondent,
v
203-205 North 8th Street Loft, LLC, appellant, et al., defendants. (Appeal Nos. 1 and 2.)
203-205 N 8th Street, LLC, respondent,
v
203-205 North 8th Street Loft, LLC, et al., appellants, et al., defendants. (Appeal No. 3.)

Seddio & Associates, P.C., Brooklyn, NY (Frank R. Seddio and Mischel & Horn, P.C. [Scott T. Horn], of counsel), for appellants.
Kriss & Feuerstein, LLP, New York, NY (Jerold C. Feuerstein, Michael J. Bonneville, and Michael V. Capellupo of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant 203-205 North 8th Street Loft, LLC, appeals from (1) an order of the Supreme Court, Kings County (David B. Vaughan, J.), dated November 1, 2017, (2) an amended order and judgment of foreclosure and sale (one paper) of the same court dated December 4, 2017, and, together with the defendant Chaim Miller, (3) an order of the same court dated May 7, 2018. The order dated November 1, 2017, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale. The amended order and judgment of foreclosure and sale, insofar as appealed from, granted the same relief to the plaintiff and directed the sale of the subject property. The order dated May 7, 2018, insofar as appealed from, denied that branch of the motion of the defendants 203-205 North 8th Street Loft, LLC, and Chaim Miller which was pursuant to CPLR 5015(a) to vacate the amended order and judgment of foreclosure and sale.
ORDERED that the appeal from the order dated November 1, 2017, is dismissed; and it is further,
ORDERED that the amended order and judgment of foreclosure and sale is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated May 7, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action to foreclose a mortgage on certain real property against, among others, the defendants 203-205 North 8th Street Loft, LLC, and Chaim Miller (hereinafter together the defendants). The defendants failed to timely answer the complaint. Thereafter, the plaintiff and the defendants, along with their respective counsel, entered into a stipulation of forbearance (hereinafter the forbearance agreement). Pursuant to the terms of the forbearance agreement, the plaintiff stipulated, inter alia, that it would refrain from prosecuting this foreclosure action during the forbearance period as defined in the forbearance agreement. The plaintiff further stipulated that it would accept the payoff amount as set forth in the forbearance agreement in full satisfaction of the loan debt secured by the subject mortgage, provided the agreed on payoff amount was tendered to the plaintiff during the forbearance period. The defendants, as borrower and guarantor, respectively, waived and released "all defenses, affirmative responses and counterclaims," and consented to the "immediate appointment of a referee to compute the amount due and related relief . . . and, thereafter, the immediate entry of a Judgement of Foreclosure and Sale."
Subsequently, the plaintiff moved, among other things, to confirm the referee's report and for a judgment of foreclosure and sale. The defendants opposed. In an order dated November 1, 2017, the Supreme Court, among other things, granted those branches of the plaintiff's motion. The court then issued an order and judgment of foreclosure and sale and an amended order and judgment of foreclosure and sale, nunc pro tunc, which, inter alia, granted those branches of the plaintiff's motion and directed the sale of the subject property. The defendants moved, among other things, pursuant to CPLR 5015(a) to vacate the amended order and judgment of foreclosure and sale. The plaintiff opposed the motion. In an order dated May 7, 2018, the court denied the defendants' motion. These appeals followed.
The appeal from the order dated November 1, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of the amended order and judgment of foreclosure and sale in this action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the amended order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
On appeal, the defendants' main contention is that the Supreme Court should have granted that branch of their motion which was pursuant to CPLR 5015(a) as, in their view, they demonstrated a reasonable excuse for the default and a potentially meritorious defense to the foreclosure action. We reject this contention. "A defendant seeking to vacate a default in answering a complaint pursuant to CPLR 5015(a)(1) . . . must show both a reasonable excuse for the default and the existence of a potentially meritorious defense" (U.S. Bank N.A. v Rauff, 205 AD3d 963, 965 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Abrahim, 183 AD3d 698, 699). The defendants failed to make this showing. They did not establish a reasonable excuse for their failure to timely answer the complaint. In any event, they did not demonstrate a potentially meritorious defense to the action. A forbearance agreement will generally be enforced according to its terms where, as here, it is unambiguous (see Deutsche Bank Natl. Trust Co. v Williams, 62 AD3d 826, 827). In the forbearance agreement, the defendants waived all defenses to foreclosure and consented to the entry of a judgment of foreclosure and sale.
The defendants' remaining contentions are without merit.
DILLON, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court