Deutsche Bank Natl. Trust Co. v Iadevaia
2026 NY Slip Op 03422
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Deutsche Bank National Trust Company, etc., respondent,
v
Joseph Iadevaia, Jr., appellant, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2024-07997, (Index No. 8848/15)
Betsy Barros, J.P.
Linda Christopher
Carl J. Landicino
Laurence L. Love, JJ.

Grausso & Foy, LLP, Bohemia, NY (Edmond R. Foy of counsel), for appellant.
Aldridge Pite LLP (Hinshaw & Culbertson LLP, New York, NY [Vanessa L. Williams and Victor L. Mathews], of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to foreclose a mortgage, the defendant Joseph Iadevaia, Jr., appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered March 20, 2024. The order, insofar as appealed from, denied those branches of that defendant's motion which were for summary judgment dismissing the complaint insofar as asserted against him and to toll or cancel the accrual of postjudgment interest.
ORDERED that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment of foreclosure and sale in accordance herewith.
The defendant Joseph Iadevaia, Jr. (hereinafter the defendant), executed a promissory note, which was secured by a mortgage encumbering certain real property. In October 2015, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. Thereafter, the Supreme Court appointed a referee to compute the amount due to the plaintiff. In an order and judgment of foreclosure and sale dated May 4, 2018, the court, inter alia, confirmed the referee's report and directed the sale of the property.
In April 2019, Select Portfolio Servicing, Inc. (hereinafter SPS), the servicer for the mortgage, entered into a repayment plan with the defendant, pursuant to which the defendant was required to make 12 monthly payments and one final balloon payment. The repayment plan specified that the defendant's "[f]ailure to make any of the specified payments in full, by the due date, will . . . result in the termination of this Plan," and that the plaintiff "may . . . commence a sale of the property if [the defendant does] not comply with the terms and conditions of this Plan." The defendant subsequently made several payments to SPS.
The defendant breached the repayment plan by, among other things, failing to timely pay the final monthly payment and the balloon payment. The plaintiff then filed a request for a foreclosure auction date. The defendant moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him, asserting that the repayment plan constituted an agreement to settle the action, and to toll or cancel the accrual of postjudgment interest. In an order entered [*2]March 20, 2024, the Supreme Court, among other things, denied those branches of the motion. The defendant appeals.
Contrary to the defendant's contention, the repayment plan was a forbearance agreement and did not constitute a settlement of the action. After the defendant defaulted under the terms of the repayment plan, the plaintiff was entitled to proceed with the foreclosure sale of the property (see Deutsche Bank Natl. Trust Co. v Williams, 62 AD3d 826, 827). However, the payments made by the defendant under the repayment plan must be considered as part of the referee's calculation of the amounts owed and credited, as of the date of the foreclosure sale, in determining the proper disposition of the proceeds of the sale (see RPAPL 1355; Emigrant Mtge. Co., Inc. v Hartman, 173 AD3d 977, 978; Deutsche Bank Natl. Trust Co. v Williams, 62 AD3d at 827). Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment of foreclosure and sale that credits the payments made by the defendant in calculating the sum to be awarded to the plaintiff.
In addition, the defendant failed to establish any bad faith or undue delay on the part of the plaintiff that would warrant a reduction of postjudgment interest. Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was to equitably toll or cancel the accrual of postjudgment interest (see Bank of N.Y. Mellon v Fenimore St. Realty, Inc., 237 AD3d 1153, 1153; Wells Fargo Bank, N.A. v Abakporo, 221 AD3d 939, 940).
The defendant's remaining contentions are without merit.
BARROS, J.P., CHRISTOPHER, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court